Leah Ann HUEY, Appellant,

v.

Mark Richard HUEY, Appellee.

No. 05–04–01452–CV.

Court of Appeals of Texas,
Dallas.

Aug. 25, 2006.

Leah Ann Huey, Euless, pro se.

David K. Haynes, McKinney, for appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a final order modifying the parent-child relationship. Appellant Leah Ann Huey, representing herself, challenges the trial court's denial of her motion to transfer venue and contends her due process rights were violated because she received insufficient notice of the hearing that resulted in the trial court's final order. We conclude appellant waived and forfeited her rights under the venue statute upon which she relied. We also conclude appellant has failed to properly present her due process issue and therefore has waived it on appeal. Accordingly, we affirm the trial court's modification order.

Appellant and appellee, her former husband Mark Richard Huey, are the parents of two minor children. On March 4, 2002, the trial court signed a final decree of divorce ending their marriage and appointing appellant and appellee as joint managing conservators. The decree granted appellant the exclusive right to determine the primary residence of the children but expressly restricted her choice of residence for the children to Collin County, Texas or any county contiguous to Collin County. Additionally, the decree prohibited both appellant and appellee from exercising overnight possession of the children in the presence of anyone over eighteen years old to whom they were not married or related.

Appellee filed a petition to modify the parent-child relationship alleging, among other things, that appellant violated the divorce decree by moving with the children to Howard County, Texas and residing with a person to whom she was not married or related. Appellant was served with the petition to modify on June 9, 2004. The trial court signed an "order setting temporary hearing" for July 6, 2004. On that date, both parties appeared and announced ready to proceed. After appellee called his first witness to the stand, however, appellant informed the trial court that, earlier in the morning, she had filed a motion to transfer the matter to Howard County. The trial court denied appellant's transfer motion and proceeded with the hearing. At the conclusion of the hearing, the trial court granted appellee's motion to modify, appointed appellee the primary conservator, and ordered appellant to pay child support. This appeal followed, and we exercise our jurisdiction to decide it.[1]

■ In her first issue, appellant contends the trial court was required to transfer the case to Howard County under section 155.201(b) of the Texas Family Code because her motion to transfer indicated that she and the children have lived in Howard County for over six months, which fact appears undisputed. Nonetheless, appellee argues the trial court properly denied appellant's transfer motion because the record establishes that appellant impermissibly created the grounds for transfer solely by deliberately violating the trial court's clear residency restrictions set forth in the divorce decree.

Here, the trial court clearly acquired continuing, exclusive jurisdiction over matters affecting the parties' children by virtue of the March 4 divorce decree. *See* TEX. FAM.CODE ANN. § 155.001(a) (Vernon 2002). The trial court thereby would retain continuing, exclusive jurisdiction if the matter were not transferred under section 155.201 or 155.202 of the Texas Family Code or an emergency did not exist. *See id.* §§ 155.001(c), 155.002.

■ Where a motion to modify is filed with the court having continuing, exclusive jurisdiction, the trial court, on a party's timely notice, must transfer a case to another Texas county if the children have resided in the other county for six months or longer. *See* TEX. FAM.CODE ANN. § 155.201(b) (Vernon Supp.2006).[2] Nor-

---

1. In his brief, appellee argues we lack subject matter jurisdiction over this appeal because appellant untimely filed her notice of appeal. Because we have already considered and rejected these jurisdictional arguments presented in appellee's earlier filed motion to dismiss, we will not revisit them here.

2. The motion to transfer in this case was filed before June 18, 2005 and, thus, is governed by the version of sections 155.201(b) and .204 in effect before being amended as of that date. *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 170, 171, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 916, §§ 14, 15, 2005 Tex. Gen. Laws 3148, 3152, 3153. Because the 2005 amend-

mally, when a party timely files a notice to transfer to a proper county under section 155.201, a trial court's duty to transfer is a ministerial one. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (orig. proceeding). Before a trial court transfers venue, however, a proper county for transfer must be identified. *See generally, Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex.1994). Moreover, we have long recognized, as other courts have, that the matter of venue is a personal privilege that a party may expressly or impliedly waive. *See Mooney Aircraft, Inc., v. Adams*, 377 S.W.2d 123, 125 (Tex.Civ.App.-Dallas 1964, no writ); *see also Grozier v. L–B Sprinkler & Plumbing Repair*, 744 S.W.2d 306, 309 (Tex.App.-Fort Worth 1988, writ denied);

In this case, the divorce decree unambiguously restricts the geographical area of the children's primary residence to Collin County and any contiguous county. Howard County is not contiguous to Collin County. *See* Tex.R. Evid. 201; *Langdale v. Villamil*, 813 S.W.2d 187, 189–90 (Tex. App.-Houston [14th Dist.] 1991, no writ) (appellate court may take judicial notice of fact). Appellant made no attempt to modify the trial court's residency restriction before moving to Howard County. Appellant's conduct of moving her children to Howard County directly contravenes the existing divorce decree. In effect, appellant's conduct is an attempt to establish the children's residence in a county proscribed by judicial decree. As such, we conclude Howard County is not a proper county to which transfer must be made by the trial court invested with continuing, exclusive jurisdiction.

Moreover, permitting appellant to obtain the benefit of an otherwise mandatory transfer based on the children's residence in Howard County, when such residence is solely the result of appellant's intentional disregard and violation of the divorce decree, would condone appellant's violation of the divorce decree and encourage others to do the same in similar circumstances. Also, compelling a transfer on facts such as presented here would promote forum shopping. We conclude appellant's act of removing the children to a county not expressly permitted by the trial court's decree constitutes a waiver of the right to give notice of transfer under section 155.204 and a forfeiture of the right to have the case transferred.

Because of our foregoing conclusions, we resolve appellant's first issue against her. In light of our resolution of appellant's first issue, we need not address appellant's second issue in which she asserts a supporting affidavit is not required for a motion to transfer.

■ In her third issue, appellant complains that the trial court violated her due process rights because the notice she received for the July 6 hearing specified the hearing was for a temporary order on appellee's motion to modify rather than a final order, which the trial court in fact signed the day after the hearing. The only authority appellant cites as support for her contention is a section on notice from *Texas Jurisprudence*, which describes general requirements for notice under due process of law. She cites no case authority whatsoever, but instead refers us to three footnotes in the *Texas Jurisprudence* section. Appellant provides no discussion or analysis as to how any due process requirements may relate to the notice she received or how the alleged due

ments did not make any substantive changes affecting our analysis, we refer to the current

versions of these sections for convenience.

process violation probably resulted in the rendition of an improper order.

■ Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. Tex.R.App. P. 38.1(h). We have no duty to brief appellant's issue for her. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal. *See Kang v. Hyundai Corp.,* 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). Because appellant offers no legal analysis and fails to cite any authority to support her specific due process contentions, she presents nothing for us to review on this issue.

We affirm the trial court's modification order.