



# MEMORANDUM OPINION

No. 04-09-00224-CV

Amparo **NIERA**,
Appellant

v.

**THE FROST NATIONAL BANK**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-01386
Honorable Soloman J. Casseb III, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

Appellant Amparo Niera filed suit against Lydia Sanchez and The Frost National Bank ("Frost"), alleging numerous causes of action relating to payment of a real estate note. Frost filed traditional and no evidence motions for summary judgment, as well as a motion for sanctions against Niera's attorney, Richard Wagner. The trial court entered an order granting Frost's motions. Niera appeals, alleging in seven issues that the trial court erred in granting summary judgment in favor of Frost, and in granting Frost's motion for sanctions. We affirm.

## BACKGROUND

In 2007, Niera filed suit against Lydia Sanchez as the independent executrix of the estate of Jesse Lopez Sanchez. The suit was based on Niera's purchase of certain real property from Jesse Lopez Sanchez in 1980. As part of the transaction, Niera executed a promissory note, secured by a deed of trust. The first payment on the note was due January 1, 1981. Eventually, Sanchez attempted to foreclose on the property, claiming Niera had failed to make the required note payments. Niera claimed there was no default, and sued to prevent the foreclosure, successfully enjoining the foreclosure. Niera subsequently amended her suit, adding Frost as a defendant. Frost was not a party to the note, but collected Niera's payments on behalf of Sanchez. As to Frost, Niera asserted claims for violation of the Fair Debt Collection Act, usury, and misrepresentation or fraud.

Frost filed both traditional and no evidence motions for summary judgment. Frost also filed a motion for sanctions against Niera's attorney, Richard Wagner, pursuant to section 10.001 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure. After a summary judgment hearing, as well as an evidentiary hearing on the motion for sanctions, the trial court granted Frost's motions for summary judgment and motion for sanctions. The sanctions were sought against, and imposed solely against, Niera's attorney, Richard Wagner. The trial court then granted Frost's motion for severance, creating a final appealable judgment as between Niera and Frost. Niera filed a notice of appeal.

## ANALYSIS

### *Sanctions*

In her first point of error, Niera contends the trial court erred in granting Frost's motion for sanctions because Frost "had no standing." The argument portion of this first point consists of the following two sentences:

> Frost Bank was not a party when the affidavit was filed. They should not be allowed to punish other parties; this could cause a valiantly [sic] rampage and violates Fourteenth procedural due process.

Contrary to Niera's assertion, it is not Frost that lacks standing with regard to the sanctions issue; rather, it is Niera that lacks standing to complain of the imposition of sanctions. "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). An appellant is not harmed when sanctions are imposed solely against the appellant's attorney. *See Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (citing *Williams v. Colthurst*, 253 S.W.3d 353, 367 (Tex. App.—Eastland 2008, no pet.)). Accordingly, such an appellant lacks standing to challenge the sanctions on appeal. *Id.*

Here, Frost sought sanctions against Niera's attorney, not Niera, and sanctions were imposed solely against the attorney. Accordingly, Niera has no standing to complain about the imposition of sanctions against her attorney. As the injured party, the attorney had standing to complain about the trial court's imposition of sanctions. Mr. Wagner, however, failed to perfect an appeal on his own behalf. A party seeking to alter a trial court's judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). The notice of appeal filed in this case was filed on Niera's behalf, stating "Plaintiff, Amparo Niera, hereby gives her Notice of Appeal to the Fourth Court of

Appeals of San Antonio, Texas from Judge Casseb's Order for Sanctions." The notice of appeal does not list Mr. Wagner as an appellant, and he did not file a notice of appeal on his own behalf. Because Mr. Wagner has failed to invoke our jurisdiction by filing a notice of appeal, and Niera has no standing to complain about the imposition of sanctions, we overrule the first point of error.

However, even if we were to hold that by filing the notice of appeal on behalf of his client Mr. Wagner had invoked this court's jurisdiction, we would still find no merit to the point of error.[1]

It appears from her brief argument that Niera believes Frost lacked standing to seek sanctions because Frost based its motion for sanctions on an affidavit attached to the original petition, which was filed before Frost became a defendant. Niera contends the affidavit was "amended out" when she amended her original petition. Even if the affidavit was "amended out," Niera's claims against Frost were still based on allegations included in the original petition and Niera's affidavit, which were carried into the amended petition in which Niera sued Frost. Accordingly, the basis for sanctions still existed despite amendment of the original petition. We therefore overrule Niera's first point of error.

### *Summary Judgment*

Frost filed both traditional and no evidence motions for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). The standards of review for both traditional and no evidence motions are well-established. Courts review traditional and no evidence motions for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of

---

[1] The Texas Supreme Court has expressly declined to decide whether an attorney must perfect a separate appeal apart from that perfected by his client. *Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) ("We express no opinion on the questions whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

material fact and it is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). When reviewing an order granting a traditional motion for summary judgment, courts take evidence favorable to nonmovant as true and indulge every reasonable inference from the evidence in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A no evidence motion for summary judgment should be granted if the non-movant fails to present more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

### *Absence of Discovery*

Niera next argues the trial court erred in granting Frost's motions for summary judgment "because there was no discovery."

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth those things that must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to . . . the record." *Id.* R. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *See id.*; *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (providing that failure to offer argument, citations to record, or authority waives appellate review); *Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (same); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881

S.W.2d 279, 284-85 (Tex. 1994) (holding appellate court has discretion to deem points of error waived due to inadequate briefing).

Although appellate courts are to construe briefing requirements reasonably and liberally, a party asserting error on appeal must put forth some specific argument and analysis, and provide record citations and authority in support thereof. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Niera includes case law providing the standard of review for adequate time for discovery in the summary judgment context, and case law setting forth the substantive law used to determine whether there has been adequate time for discovery. However, she does not include any citation to the record, nor provide any argument or application of the cited law to the facts of this case.[2] In the absence of legal analysis supported by record citations, Niera has presented nothing for our review. *See Huey*, 200 S.W.3d at 854; *WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732. Accordingly, we hold Niera has waived her second point of error.

*Usury*

Niera contends in her third point of error that the trial court erred in granting Frost's traditional and no evidence motions for summary judgment on her claims for usury. According to Niera, Frost is liable for usury because it committed a per se violation of the Texas Finance Code. We disagree.

Texas law prescribes the amount of interest that may be charged. *See* TEX. FIN. CODE ANN. § 302.001 (Vernon 2006). If a creditor charges an obligor interest at a rate greater than that

---

[2] We note that the brief under review, though designated by Niera as a "supplemental" brief, is Niera's amended brief. After Niera filed her original brief, she was ordered by this court to rebrief because, among other things, her original brief did not contain appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i). Niera was therefore given an opportunity to correct this deficiency.

prescribed by law, it is "usurious," and subject to penalty. *Id*. §§ 301.002(a)(17), 302.001(b). The Finance Code defines "creditor" as one who loans money or otherwise extends credit. *Id*. § 301.002(a)(3). "For usury to apply there must be an overcharge by a lender for the use, forbearance or detention of the lender's money." *Stedman v. Georgetown Sav. & Loan Ass'n*, 595 S.W.2d 486, 489 (Tex. 1979). Accordingly, a claim for usury is one that lies against the creditor, i.e., the one who loaned money or extended credit to the obligor.

Frost's summary judgment evidence, specifically Niera's deposition testimony, proves as a matter of law that Frost never loaned Niera any money, nor did they extend any type of credit to her:

Q. [Frost Attorney] I think we established this before. Frost never made a loan to you of any kind; is that correct?

A. [Niera] No.

Q. [Frost Attorney] Frost never made a loan; correct?

A. [Niera] I never got a loan from Frost.

Q. [Frost Attorney] Okay. And they never extended credit to you of any kind; is that correct?

A. [Niera] No, sir.

Q. [Frost Attorney] And they didn't make the loan to you in this case; correct?

A. [Niera] No, it was just an account that the lady had; right. That's they way I understood it.

Accordingly, as to Frost, the usury laws are not implicated because Frost was not a creditor; it never loaned money or extended credit to Niera. We therefore overrule Niera's third issue.

### *Breach of Fiduciary Duty*

In her fourth and fifth points of error, Niera argues the trial court erred in granting Frost's motions for summary judgment as to her claim for breach of fiduciary duty, which she asserts was

based on Frost's failure to pay property insurance and taxes. We have reviewed Niera's live petition, which exceeds five hundred pages, and find no claim for breach of fiduciary duty against Frost. Moreover, Niera failed to list breach of fiduciary duty as a legal theory or claim in response to Frost's request for disclosure, nor did she mention it in her response to Frost's motions for summary judgment. Because no such claim was alleged, Niera's fourth point of error is without merit and is overruled.

### *Conversion*

Niera asserts in point of error six that the trial court erred in granting Frost's motions for summary judgment as to her claim for conversion. There are at least two reasons for overruling this point of error.

First, as with her fourth and fifth points of error, Niera never pled conversion. Her live petition contains no mention of conversion, and her response to Frost's request for disclosure as to legal theories and claims makes no mention of this cause of action. Second, this point of error contains nothing more than a citation to a case listing the elements of conversion, and a statement that "[a]ll of the records show that Appellant paid money to Appellant and Appellant did not make any payments on behalf of Appellant." This does not constitute legal analysis, and there is no citation to the record to advise this court as to "the records" Niera contends support her contention. We hold this point is inadequately briefed, and therefore waived. *See Huey*, 200 S.W.3d at 854; *WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732.

### *Fair Debt Collection Act*

Niera argues in her final point of error that the trial court erred in granting Frost's traditional and no evidence motions for summary judgment as to her claims under the Fair Debt Collection Act

("the Act"). *See* 15 U.S.C. § 1692 (1977). She seems to argue that Frost violated the Act because its collection notes "do not contain any mandatory language regarding validation of debt."

Section 1692g of the Act requires a "debt collector" to send the consumer a written notice containing certain information in order to validate the debt. *Id.* § 1692g. The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). However, the Act thereafter excludes certain persons from the definition, specifically those who collect or attempt to collect any debt owed or due a third person to the extent the collection concerns a debt that was not in default at the time it was obtained for collection. *Id.* § 1692a(6)(F)(iii). Accordingly, a debt collector does not include a mortgage servicing company or similar individuals, "as long as the debt was not in default at the time it was assigned." *CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *reh'g granted in part on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

In this case, the summary judgment evidence shows that on December 18, 1980, Frost signed a contract with Jesse Sanchez to collect the note payments due from Niera to Sanchez for the purchase of the real property. Niera conceded in a response to a request for admission propounded by Frost that as of December 18, 1980, there was no default on the note. This admission, which was part of Frost's summary judgment evidence, established as a matter of law that there was no default on the note at the time Frost agreed to collect payments on behalf of Sanchez. *See* Tex. R. Civ. P. 198.3 (stating that a matter admitted in response to request for admission is conclusively established

as to party making admission unless court permits party to withdraw or amend admission). Accordingly, Frost established as a matter of law it was not a "debt collector" for purposes of the Act, and therefore not required to comply with the validation provisions of section 1692g. *See CA Partners*, 274 S.W.3d at 79. We hold the trial court did not err in granting Frost's motions for summary judgment on Niera's validation claim under the Act, and overrule Niera's seventh point of error.

## CONCLUSION

Having overruled all of Niera's issues, either substantively or based on waiver, we affirm the trial court's judgment in favor of Frost, including the award of sanctions in favor of Frost.


Marialyn Barnard, Justice