# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00279-CV

---

**David E. Jones, Appellant**

**v.**

**Dr. Alissa Sherry; Alissa Sherry Consulting, PLLC; Legal Consensus, PLLC, Appellees**

---

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-17-006851, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant David E. Jones appeals from the trial court's order dismissing his suit against Dr. Alissa Sherry; Alissa Sherry Consulting, PLLC; and Legal Consensus, PLLC (collectively, the "Sherry Defendants"). Because Jones's pleadings establish that his claims against the Sherry Defendants arise from actions taken by Dr. Sherry in her capacity as a court-appointed child-custody evaluator, Jones's claims are barred by derived judicial immunity. We will affirm the trial court's order of dismissal.

## BACKGROUND

Dr. Sherry is a licensed psychologist and the owner of Legal Consensus, PLLC, formerly known as Sherry Consulting, PLLC. In April 2014, Dr. Sherry was ordered by the District Court of Travis County, 250th Judicial District, to conduct a child-custody evaluation in Jones's divorce proceedings. *See* Tex. Fam. Code §§ 107.101-.115. In its "agreed order for

custody evaluation" (or the "custody-evaluation order") the trial court ordered Dr. Sherry to conduct psychological evaluations of Jones and his then-wife, make recommendations to the court on issues of conservatorship, and deliver her findings and recommendations in a written report to the court. According to Jones, Dr. Sherry submitted her report, entitled "Forensic Custody Evaluation Family Law," on December 2, 2014, and testified about her conclusions and recommendations at the final hearing later that month.

In December 2017, Jones sued the Sherry Defendants for a variety of claims stemming from Dr. Sherry's child-custody evaluation, including claims for malpractice, negligence, breach of fiduciary duty, and defamation. The Sherry Defendants answered the suit, asserting affirmative defenses and generally denying all of Jones's claims. In the same pleading, the Sherry Defendants also moved to dismiss Jones's claims pursuant to Rule 91a of the Texas Rules of Civil Procedure on the basis that all of Jones's claims are barred by derived judicial immunity. *See* Tex. R. Civ. P. 91a (dismissal of baseless causes of action). Alternatively, the Sherry Defendants moved to dismiss Jones's suit pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, also known as the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. P. & Rem. Code § 27.002. After a hearing on the motions, the Court signed an order granting the Sherry Defendants' motions, under both Rule 91a and the TCPA, and dismissing all of Jones's claims with prejudice to refiling. Jones, representing himself pro se, then perfected this appeal.

In what he identifies as sixteen issues on appeal, Jones asserts that the trial court erred in granting the Sherry Defendants' motions and dismissing his suit. We begin our review by addressing Jones's challenge to the trial court's decision to grant the Sherry Defendant's Rule 91a motion to dismiss.

## DISCUSSION

### *Rule 91a Motion to Dismiss*

Under Rule 91a, a party may move to dismiss a cause of action on the ground that it has no basis in law or fact. Tex. R. Civ. P. 91a.1. Dismissal is appropriate "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (quoting Tex. R. Civ. P. 91a.1). In ruling on a Rule 91a motion, the trial court may not consider evidence and must base its ruling only on the pleading of the cause of action, together with any exhibits permitted under Rule 59. Tex. R. Civ. P. 91a.6; *see id.* R. 59 (permitting party to attach to pleading "notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense" and providing that such instruments are considered "part of the pleadings"). We review de novo a trial court's decision on a Rule 91a motion "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez*, 494 S.W.3d at 724. In conducting our review, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied).

### *Derived Judicial Immunity*

On appeal, Jones contends that the trial court erred in granting the Sherry Defendants' Rule 91a motion to dismiss because, according to Jones, Dr. Sherry and the other

Sherry Defendants are not entitled to the protections of derived judicial immunity. When a person is entitled to derived judicial immunity, he or she receives the same absolute immunity from liability for acts performed within the scope of his or her jurisdiction as that of a judge. *Dallas County* v. *Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (concluding that court reporter was not entitled to derived judicial immunity); *see Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (concluding that court-appointed psychiatrist was entitled to derived judicial immunity). Judicial immunity can attach to certain non-judges because the policy reasons for judicial immunity—the protection of individual judges and of the public's interest in an independent judiciary—are also implicated when a judge delegates his or her authority, appoints another person to perform services for the court, or allows another to otherwise serve as an officer of the court. *Halsey*, 87 S.W.3d at 554; *B.W.D. v. Turnage*, No. 05-13-01733-CV, 2015 Tex. App. LEXIS 1947, at *8 (Tex. App.—Dallas Mar. 2, 2015, pet. denied) (mem. op).

In Texas, courts apply a "functional approach" to determine whether a person is entitled to derived judicial immunity. *Halsey*, 87 S.W.3d at 554 (discussing *Delcourt*, 919 S.W.2d at 782-83). This approach focuses on the nature of the function performed, not the identity of the actor, and considers whether the court officer's conduct is like that of the delegating or appointing judge. *Id.* at 555. Under this functional approach, courts must assess "whether the person seeking immunity is intimately associated with the judicial process" and whether "that person exercises discretionary judgment comparable to that of the judge." *Id.* at 554. When an individual acquires derived judicial immunity from a particular function, absolute immunity extends to "every action taken with regard to that function—whether good or bad, honest or dishonest, well-intentioned or not." *B.K. v. Cox*, 116 S.W.3d 351, 357 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

4

Derived judicial immunity has been extended to a variety of court officers and court appointees for acts they are required to perform under court order or at a judge's discretion. *B.W.D.,* 2015 Tex. App. LEXIS 1947, at \*10, \*14 (collecting cases and concluding that court-ordered forensic DNA and drug testing company was entitled to derived judicial immunity); *see, e.g.*, *Rehabworks, LLC v. Flanagan*, No. 03-07-00552-CV, 2009 Tex. App. LEXIS 1394, at \*9-11 (Tex. App.—Austin Feb. 26, 2009, pet. denied) (mem. op.) (court-appointed receiver entitled to derived judicial immunity). Notably, our sister court in Houston concluded that a mental-health professional appointed to conduct psychological evaluations in a divorce proceeding was entitled to derived judicial immunity.[1] *B.K.*, 116 S.W.3d at 357-58 (citing *Halsey*, 87 S.W.3d at 554; *Delcourt*, 919 S.W.2d at 781-83). In reaching this conclusion, the court recognized that "[w]hen a court appoints a mental health professional to examine the child and the parents in a custody proceeding, the professional is acting as a fact finder for the court," and the court "relies on the professional to provide information essential to the decision-making process." *Id.*

Based on our review of the record, we conclude that Dr. Sherry was appointed by the trial court in Jones's divorce proceedings to act as a fact finder for the court and to assist the court in its judicial decision making. In part, the trial court ordered Dr. Sherry to conduct

---

[1] Section 107.009 of the Texas Family Code was amended in 2017 to provide that a child-custody evaluator appointed under Chapter 107 of the Family Code "is not liable for civil damages arising from an action taken, a recommendation made, or an opinion given in the capacity of . . . child custody evaluator," unless the recommendation or opinion (1) was given with conscious indifference or reckless disregard for the safety of another; (2) was made in bad faith or with malice; or (3) was grossly negligent or willfully wrongful. Act of May 17, 2017, 85th Leg., R.S., ch. 257, § 1, 2017 Tex. Gen. Laws 476, 476 (codified at Tex. Fam. Code § 107.009). Because the underlying suit for divorce was filed prior to September 1, 2017, there is no dispute that this statutory provision does not govern in this case. *Id.* § 10, 2017 Tex. Gen. Laws at 479 (providing that amended statute only applies to suits affecting parent-child relationship filed after effective date of Act, September 1, 2017).

psychological evaluations of Jones and his then-wife and to make recommendations to the court on issues of conservatorship, "including decision-making and the right to establish the primary residence of . . . and possession and access [to the couple's children]." The trial court also ordered Dr. Sherry to deliver her findings and recommendations in a written report to the parties' counsel and to the court at least 45 days prior to trial and required that she be available for cross examination.[2] Dr. Sherry's duties required her to function as an integral part of the divorce proceedings and to exercise discretionary judgment "comparable to that of the judge." *See Halsey*, 87 S.W.3d at 557. Applying the functional approach and considering Dr. Sherry's relationship to the judicial process in the underlying divorce proceedings, we conclude that Dr. Sherry is entitled to derived judicial immunity for any acts performed within the scope of her delegated authority.

Construing Jones's pleadings liberally in his favor, we also conclude that all of Jones's allegations against the Sherry Defendants concern actions taken by Dr. Sherry in her capacity as a child-custody evaluator in his divorce. In his pleadings before the trial court, Jones challenges Dr. Sherry's credentials for conducting the court-ordered child-custody evaluation, the methods employed by Sherry, and the veracity of the statements made by Dr. Sherry to the trial court. Jones also alleges that Dr. Sherry conducted a biased evaluation and failed to consider all the evidence. According to Jones, as direct consequences of Dr. Sherry's actions, "[his] visitation with his children was reduced" and "[t]his reduction has caused injury to [him]

_____

[2] A copy of the custody-evaluation order was attached to the Sherry Defendants' motion to dismiss and not to Jones's petition. *But see* Tex. R. Civ. P. 91a.6 (court may not consider evidence on ruling on motion to dismiss and must decide motion based on pleading of cause of action and exhibits made part of pleadings under rule 59). However, Jones did not complain to the trial court that its consideration of the custody-evaluation order would be improper. In fact, the record shows that Jones referenced the custody-evaluation order in his original petition and relied on the custody-evaluation order to support his arguments before the trial court, and does so again in this appeal.

and to [his] children." All of Jones's claims arise from actions taken by Dr. Sherry as a court-ordered child-custody evaluator, for which she is entitled to absolute immunity from liability.

On appeal, Jones does not dispute that his claims arise from Dr. Sherry's actions in her capacity as a child-custody evaluator. Instead, Jones argues that Dr. Sherry is not entitled to derived judicial immunity because she was not "appointed" by the trial court.[3] In support of his argument, Jones relies on the custody-evaluation order and points out that the order does not explicitly state that the court is "appointing" Dr. Sherry but instead states that the "parties shall hire" Dr. Sherry to perform a custody evaluation. A plain reading of the order, however, makes clear that the trial court directed Dr. Sherry to perform professional services, make independent findings and recommendations, and testify at trial *for the benefit of the trial court* and that the court assessed the preliminary costs of these services to the parties equally. Moreover, in his pleadings, Jones alleges that "[Dr.] Sherry was appointed to [conduct] a child custody evaluation and report in [his divorce proceedings]."[4] We disagree with Jones's assertion that Dr. Sherry is

---

[3] In his brief, Jones fails to provide a clear, concise, and understandable argument for the contentions made, with appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). To the extent Jones is attempting to raise any other appellate issue or argument with respect to the trial court's ruling on the Rule 91a motion to dismiss, we conclude that any such issue or argument is waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived."); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (noting that failure to cite applicable authority or provide substantive analysis waives issue on appeal).

[4] We note that Jones filed an amended petition on the same day as the hearing on the Rule 91a motion to dismiss in which he changed this allegation to state that the parties "hired Dr. Sherry to conduct a child custody evaluation in their divorce proceeding." However, because Jones's amended petition was untimely, it could not be considered by the trial court when ruling on the motion. *See* Tex. R. Civ. P. 91a.5(b), (c) (providing that respondent must amend at least 3 days before hearing for amendment for amended pleading to be considered by court when ruling on motion to dismiss).

not protected by derived judicial immunity. *See Halsey*, 87 S.W.3d at 554 (noting that judicial immunity is implicated "when a judge *delegates or appoints* another person to perform services for the court or when a person otherwise serves as an officer of the court" (emphasis added)).

Because the record relevant to the Sherry Defendants' 91a motion to dismiss establishes that all of Jones's claims are barred by derived judicial immunity, the trial court did not err in concluding that Jones's claims have "no basis in law or fact." *See* Tex. R. Civ. P. 91a. Jones's appellate issues challenging the trial court's ruling on the Sherry Defendants' Rule 91a motion to dismiss are overruled.[5]

## CONCLUSION

Because the trial court did not err in granting the Sherry Defendants' Rule 91a motion to dismiss, we affirm the judgment of the trial court dismissing Jones's claims.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: June 28, 2019

_____

[5] In his remaining issues, Jones challenges the trial court's dismissal of his claims under the TCPA. Because we conclude that the trial court's dismissal was proper under Rule 91a, we do not reach the merits of these issues or determine whether they have been properly preserved for review. *See* Tex. R. App. P. 47.1.