

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00052-CV

ALEX PERRY NEAL, Appellant

V.

LYNNE FINLEY, Appellee

On Appeal from the 199th District Court
Collin County, Texas
Trial Court No. 199-01413-2020

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Alex Perry Neal was previously found guilty of attempted obstruction or retaliation. *See Neal v. State*, No. 05-19-00753-CR, 2019 WL 4027085, at *1 (Tex. App.—Dallas Aug. 27, 2019, pet. ref'd) (mem. op., not designated for publication); *In re Neal*, No. 05-19-00756-CV, 2019 WL 3334624, at *1 (Tex. App.—Dallas July 25, 2019, orig. proceeding) (mem. op., not designated for publication). In this case, Neal filed a civil complaint against Lynne Finley, the District Clerk of Collin County, Texas. Neal's complaint raised no cause of action against Finley, but only asked for a reporter's record from the criminal case that was the subject of the prior appeals referenced above. In a motion to change venue, Neal accused Finley of conspiring "with other Collin County public officials in attempt[ing] to conceal evidence in a criminal investigation."

Finley moved to dismiss Neal's complaint under Rule 91a of the Texas Rules of Civil Procedure.[1] Finley also moved to declare Neal a vexatious litigant and attached the docket sheets from eight unsuccessful cases brought by Neal between May 6, 2019, and March 16, 2020. On April 15, 2020, the trial court declared Neal a vexatious litigant. On June 24, 2020,

---

[1]Finley's dismissal motion cited Section 101.106(f) of the Texas Civil Practice and Remedies Code, which states,

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

2

the trial court granted the Rule 91a motion and dismissed Neal's claims with prejudice. Neal appeals.[2]

Section 11.102 of the Texas Civil Practice and Remedies Code states, "A vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of" the local administrative judge. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a). Although the clerk of this Court may file an appeal from a prefiling order, the clerk "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a), (d).

Although Neal could have challenged the prefiling order, Neal's brief fails to argue that the trial court abused its discretion in declaring him a vexatious litigant. *See* TEX. R. APP. P. 38.1(i). Instead, it restates his belief that he is entitled to the "raw audio of a Court proceeding." Had Neal raised an appropriate issue or claim on appeal, we would require proof that Neal

---

[2]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

obtained permission from the local administrative judge.[3]  Because Neal does not raise any point

of error on the part of the trial court, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:      October 16, 2020
Date Decided:       October 29, 2020

---

[3]"The rules of appellate procedure require appellant's brief to contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Urquhart v. Marsaw*, No. 05-19-00855-CV, 2020 WL 3046202, at *1 (Tex. App.—Dallas June 8, 2020, no pet.) (mem. op.) (quoting TEX. R. APP. P. 38.1(i)); *see ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing").  "Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel." *Kennedy v. Jones*, No. 06-19-00068-CV, 2020 WL 62022, at *3 (Tex. App.—Texarkana Jan. 7, 2020, no pet.) (mem. op.) (quoting *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *3 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op)).  "To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney." *Id*. (quoting *Hollis*, 2019 WL 3334617, at *3).  "The appellate court has no duty to brief issues for an appellant." *Id*. (quoting *Hollis*, 2019 WL 3334617, at *3) (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)).