

# NUMBER 13-20-00123-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIZABETH BEAL,                                                          Appellant,

v.

ROMEO VILLA AND ASTRID VILLA,                                Appellees.

## On appeal from the 464th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Pro se appellant Elizabeth Beal appeals from a judgment entered in favor of appellees Romeo Villa and Astrid Villa following a bench trial on various claims, including breach of warranty of title. Liberally construed, Beal's brief on appeal appears to argue that (1) she was improperly held liable for the Villas' constructive eviction and (2) the trial court lacked jurisdiction to hear the case. We affirm.

# I. BACKGROUND

The underlying dispute in this case concerns an alleged fraudulent conveyance of real property purportedly owned by South Texas Orion, LLC (Orion)—where Beal served as president—to the Villas. On August 13, 2015, by and through Beal, Orion executed and delivered a deed conveying the subject property to the Villas. The deed was a general warranty deed providing, among other things, that

> Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance arid [sic] Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

The Villas paid Orion $15,000 cash consideration and signed a promissory note for $260,000 payable to Orion for the property. The promissory note was secured by a deed of trust signed by Beal as trustee of Orion.

The Villas allege that, at the time the deed was executed and delivered to them: (1) Beal "individually and on behalf of Orion represented . . . that Orion was the true, lawful[,] and rightful owner of the Property in fee simple and that the Property was free and clear from encumbrances"; (2) "Orion was not the true, lawful, or rightful owner"; (3) "the rightful owner of the Property was Ronnie Beal, subject to a first lien deed of trust in favor of Central Pacific Mortgage Company"; and (4) "[i]n reasonable reliance on . . . Elizabeth Beal's misrepresentations, [the Villas] were induced to purchase the Property." The Villas claimed that they only "became aware that [Beal's] representations were false

2

when[, on November 13, 2017, the Villas] were constructively evicted by notice of substitute trustee's sale filed by the successor in interest to Central Pacific." According to the Villas, given that the Beals failed to make the required payments on the property, the property was scheduled to be sold at foreclosure. The Villas claimed that they "yielded to the superior title holder's assertion of title, and also stopped payment to [Beal] on the Promissory Note attached to the deed of trust."

On April 4, 2018, the Villas filed suit against Beal, Ronnie,[1] and Orion, alleging causes of action for statutory fraud, common law fraud, fraud by nondisclosure, breach of warranty of title, breach of covenant of seisin, breach of covenant against encumbrances, and unjust enrichment. Beal filed a counterclaim against the Villas for "breach of contract, unjust enrichment, negligence, gross negligence, money fraud and received [sic], common law fraud, constructive fraud[,] and extortion."

A bench trial commenced on December 4, 2019. On December 11, 2019, the trial court entered final judgment in favor of the Villas, noting, among other things, that:

> Because a jury was waived by agreement of the parties, the Court decided all fact questions.
>
> . . . .
>
> The Court has considered the pleadings and official records on file in this cause, the evidence, and the arguments of counsel and is of the opinion that judgment should be rendered for [the Villas] on their claims, and that . . . Elizabeth Beal and South Texas Orion, LLC take nothing as to their claims.

The trial court awarded $84,273.74 in actual damages, $28,000 in exemplary damages, and $16,535.22 in attorney's fees, to be recovered by the Villas from Beal and Orion

---

[1] Ronnie was nonsuited during litigation.

3

jointly and severally. The trial court also rescinded "the transaction that is the subject to this proceeding . . . namely the Note dated August 13, 2015[,] between Romeo & Astrid Villa and South Texas Orion, LLC[.]"

Beal filed a motion for new trial on January 29, 2020, which the trial court denied the next day. On February 28, 2020, Beal filed her notice of appeal.

## II. JURISDICTION

By her second issue on appeal, which we address first, Beal argues that the district court lacked jurisdiction over the suit because "[o]nly a justice of the [p]eace has [j]urisdiction on possession matters."

We review de novo whether a trial court has subject-matter jurisdiction to hear a case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The issue of subject-matter jurisdiction may be raised for the first time on appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993).

The Texas Constitution provides that "[j]ustice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law." TEX. CONST. art. V, § 19. Such other jurisdiction includes "original jurisdiction of . . . civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000, exclusive of interest."[2] TEX. GOV'T CODE ANN. § 27.031(a)(1). Justice courts have jurisdiction over "cases of forcible entry and detainer,"

---

[2] Section 27.031 of the government code was amended effective September 20, 2020, to increase the amount in controversy limit to $20,000. *See* TEX. GOV'T CODE ANN. § 27.031. This suit was filed prior to the amendment.

4

but not of "a suit for trial of title to land." *Id.* § 27.031(a)(2), (b)(4).

A district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. "A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest." TEX. GOV'T CODE ANN. § 24.007(b).

As evident throughout her brief on appeal, Beal seems to confuse the causes of action brought against her in the underlying lawsuit. While the Villas argued that they were constructively evicted from the property, given the filing of a notice of substitute trustee's sale, they did not sue Beal for constructive eviction or possession. As noted, their causes of action are for statutory fraud, common law fraud, fraud by nondisclosure, breach of warranty of title, breach of covenant of seisin, breach of covenant against encumbrances, and unjust enrichment. None of the Villas' causes of action raises a claim within the exclusive jurisdiction of the justice courts. *See* TEX. CONST. art. V, § 19; TEX. GOV'T CODE ANN. § 27.031. Moreover, the Villas sought "monetary relief over $200,000.00 but not more than $1,000,000.00." Such an amount exceeds the maximum amount in controversy for purposes of a justice court's jurisdiction and falls within the jurisdiction of district courts. *See* TEX. GOV'T CODE ANN. §§ 24.007, 27.031; *see also* TEX. CONST. art. V, §§ 8, 19.

Accordingly, jurisdiction was proper in the 464th District Court. We, thus, overrule Beal's second issue on appeal.

5

### III. CONSTRUCTIVE EVICTION

Beal states her first issue on appeal as follows: "Did the trial court err by ignoring that 'constructive eviction' is an illegal act and not allowed by law and no where [sic] in the pleading nor in the facts did Appellees mention that Appellant was the one who had constructively evicted Appellees?" Beal continues, "[T]here is no evidence to even hint that Appellant did any act to interfere with Appellees' possession and / or ownership of the property." *See Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 204 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (listing the essential elements of constructive eviction as: (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises; (2) a material act by the landlord that substantially interferes with the tenant's intended use and enjoyment of the premises; (3) the act permanently deprives the tenant of the use and enjoyment of the premises; and (4) the tenant abandons the premises within a reasonable time after the commission of the act). It is not clear exactly what Beal is arguing, given that she was not sued for constructive eviction. It is also unclear whether Beal believes there was insufficient evidence to support the trial court's ruling or if the trial court erred in its application of the relevant law. Regardless, as correctly stated in the Villas' brief on appeal, Beal "failed to file a record sufficient enough to enable this Court to determine the issue she presented."

"We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d

6

181, 184–85 (Tex. 1978)). Rule 38.1 of the Texas Rules of Appellate Procedure outlines the requirements of an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellant's brief "must contain a succinct, clear, and accurate statement of the arguments made" and "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(h), (i). An appellate court has no duty to brief issues for an appellant. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Moreover, an appellate court "should not address the merits of an issue if it has not been preserved for appeal." *In re E.R.C.*, 496 S.W.3d 270, 277 (Tex. App.—Texarkana 2016, pet. denied). To preserve a complaint for appellate review, the record must reflect that a "complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint[,]" and that the trial court ruled or refused to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). The "record" for purposes of an appeal "consists of the clerk's record and, if necessary to the appeal, the reporter's record." *Id.* R. 34.1. "At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record." *Id.* R. 34.6(b)(1). "The burden of providing a record showing error requiring reversal is on the appellant." *Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 257 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.). "We must presume that any evidence that the appellant failed to designate for

the record is sufficient to support the trial court's decision." *Id.* (citing *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)).

Beal's first issue on appeal is unclear, does not cite to the record or relevant authority, and therefore, is insufficiently briefed. *See* TEX. R. APP. P. 38.1; *WorldPeace*, 183 S.W.3d at 466. Accordingly, Beal's first issue is waived on appeal. *See WorldPeace*, 183 S.W.3d at 466. However, even assuming that Beal adequately briefed her first issue on appeal, she failed to preserve the issue for appeal at trial. *See* TEX. R. APP. P. 33.1(a).

On April 14, 2020, by letter, the Clerk of this Court notified Beal that the reporter's record had not been filed and stated "that unless this defect is cured within ten days from the date of this letter, the Court will consider and decide those issues or points that do not require a reporter's record for a decision." *See* TEX. R. APP. P. 37.3(a)(1), (c) (procedures for instances when appellant fails to file record). Beal made no subsequent arrangements to provide this Court with a reporter's record. Accordingly, our analysis of Beal's first issue is limited to the information in the clerk's record.

The clerk's record lacks any indication that Beal properly preserved any issue of constructive eviction for appeal. *See* TEX. R. APP. P. 33.1. The only mention of constructive eviction in her pleading is raised as a special exception and notes as follows:

4.    Defendant presents her special exception in Plaintiff's Paragraph 19 in that it speaks of constructive eviction, constructive eviction is not legal, therefore, Plaintiffs should be suing the evictors.

In truth and in fact, Plaintiffs obtained profits from the property. A notice of Substitute Trustee's sale does not evict anyone that is an illegal eviction.

Texas Property Code, chapter 51, states the requirements for foreclosure and chapter 24 states the requirements for evictions what Plaintiffs are describing are illegal acts. Defendant can not [sic]

8

be responsible for someone else's illegal acts.

However, there is no indication in the clerk's record that the trial court ruled on Beal's special exception or that Beal objected to the trial court's failure to rule on her special exception. *See* Tex. R. App. P. 33.1. Consequently, Beal failed to preserve the issue for appeal.

We overrule Beal's first issue on appeal.

## IV.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
10th day of November, 2021.