

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-24-00158-CV

## IN RE KRYSTAL CHRISTON

_____

## Original Proceeding

_____

## From the 472nd District Court
## Brazos County, Texas
## Trial Court No. 21-003148-CVD-361

---

# OPINION

---

Krystal Christon seeks mandamus relief from the denial of her motion to transfer

venue in a suit affecting the parent-child relationship. Both Krystal and her ex-husband,

Curtis Hunsinger, seek to modify their Final Decree of Divorce. Additionally, Curtis

seeks enforcement of a residential geographic restriction imposed upon Krystal in the

Final Decree of Divorce. At the time of the final hearing in their divorce in September

2022, Krystal and the minor child were living in Martin County, Texas. The trial court

granted Krystal the right to establish the primary residence of the minor child in Brazos

County, a contiguous county, or Montgomery County. The trial court allowed Krystal and the minor child to stay, on a short-term basis, in Martin County for financial reasons until the marital residence in Brazos County sold. The record before us reflects that in the trial court's oral pronouncement, Krystal was required to return to Brazos County within forty-five days after the sale of the marital residence. Ultimately, the Final Decree of Divorce granted Krystal "the exclusive right to designate the primary residence of the child within Brazos and contiguous counties or Montgomery County to begin 7 days prior to the beginning of the 2023-2024 school year in the district that the child resides." This variance from the trial court's oral pronouncement was the result of an agreement between Krystal and Curtis. The agreement was in writing and signed by both Krystal and Curtis on December 20, 2022, and is in the record before us. It provides in part: "Curtis & Krystal Hunsinger have agreed upon the geographical restriction for [K.H.] not to take effect until the week before school starts 2023. Contingent upon the closing of their family home by December 22, 2022." The trial court worked out several logistical issues by mutual agreement of Krystal and Curtis, along with their attorneys, at the time of the trial court's oral pronouncement. The Final Decree of Divorce was not signed by the trial court until August 10, 2023, but reflected that it was "judicially PRONOUNCED AND RENDERED in court at Bryan, Brazos County, Texas, on September 26, 2022." Both Krystal and Curtis signed the Final Decree of Divorce indicating they "approved as to form and substance."

Krystal filed her motion to transfer simultaneously with her answer to Curtis's motion to modify. In Krystal's motion to transfer, she states that"[t]he child the subject of this suit has resided in Martin County, Texas for six months or longer" and contends that transfer is mandatory pursuant to section 155.201(b) of the Texas Family Code. Curtis responded with "Petitioner's Affidavit Controverting Motion to Transfer."

Regardless of whether Curtis's affidavit controverting was sufficient, the question before us is whether transfer of venue to a county not authorized by the existing custody order is proper. We recognize that transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Family Code. *See* TEX. FAM. CODE ANN. § 155.201; *see also Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987). But before a trial court transfers venue, a proper county for transfer must be identified. *Huey v. Huey*, 200 S.W.3d 851, 853 (Tex. App.—Dallas 2006, no pet.). Venue is a matter of personal privilege that a party may expressly or impliedly waive. *Id.*

Here, the Final Decree of Divorce clearly restricts establishment of the child's primary residence to Brazos or a contiguous county or Montgomery County. Because of this geographic restriction, Martin County is not an authorized county to establish the child's primary residence. Krystal agreed to the geographic restriction taking effect the week before school starts in 2023 when she signed the December 20, 2022 agreement; she again agreed to the geographic restriction taking effect seven days prior to the 2023-2024

school year when she signed the Final Decree of Divorce and approved it as to form and substance on February 23, 2023; and importantly, the trial court ordered as much. At the time Krystal agreed to the date the geographic restriction would take effect, she and the minor child had resided in Martin County for more than six months. Krystal never filed a motion to modify the trial court's geographic restriction or designate Martin County as a permissible county to establish the minor child's primary residence. Krystal admitted in her motion to transfer that the child had resided in Martin County for six months or longer. Krystal's failure to comply with the geographic restriction on the date ordered and agreed to by her violates the Final Decree of Divorce and her agreement. Krystal's conduct is an attempt to establish the minor child's residence in a county proscribed by the Final Decree of Divorce. We conclude Martin County is not the proper county to which transfer must be made by the trial court invested with continuing, exclusive jurisdiction. *See id.*

Furthermore, Krystal's continued residence in Martin County was an intentional violation of the Final Decree of Divorce and her agreement to the date the geographic restriction was to be imposed and was inconsistent with her right to request a transfer of venue. *See In re Cooper*, 320 S.W.3d 905, 910 (Tex. App.—Texarkana 2010, no pet.). We conclude Krystal's conduct constitutes a waiver of the right to give notice of transfer under section 155.204. *Huey*, 200 S.W.3d at 853.

Accordingly, Relator Krystal Christon's "First Amended Petition for a Writ of Mandamus Regarding Transfer of Venue," filed on June 7, 2024, is denied, and her motion for emergency stay is dismissed as moot.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
      Justice Johnson, and
      Justice Smith
*(Chief Justice Gray dissenting)
Petition denied
Motion dismissed as moot
Opinion delivered and filed August 29, 2024
[OT06}

