**Opinion issued September 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00816-CV

_____

**KOFFEY SMITH EL-BEY, Appellant**

**V.**

**WILLIE C. ROBERSON, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1188118**

---

## MEMORANDUM OPINION

Koffey Smith El-Bey appeals from the trial court's judgment dismissing her petition for want of prosecution. Because we determine that her appellate issues are inadequately briefed, we affirm the judgment of the trial court.

## Background

This suit began when El-Bey filed a pro se petition against Willie C. Roberson alleging that she had acquired Roberson's property by adverse possession. In her petition, El-Bey stated that Roberson had been deceased for 40 years.

El-Bey attempted service on Roberson by publication. She then moved for a default judgment in the trial court. On at least two occasions, the trial court issued notices of incomplete default judgment, which informed El-Bey that service was defective and noted that the petition stated that the defendant was deceased.

Eventually, the court denied El-Bey's motion for default judgment, concluding that the defendant was deceased and therefore not a proper party to the lawsuit. A few months later, after notice to El-Bey, the court dismissed the suit for want of prosecution. El-Bey moved to reinstate the case and for a new trial. The trial court denied both motions, and El-Bey appealed.

## Inadequate Briefing

El-Bey initially filed her appellate brief in December 2023. This court struck the brief for noncompliance with Rule 38.1 *See* TEX. R. APP. P. 38.1. El-Bey filed a corrected brief, but that brief did not correct all the Rule 38.1 deficiencies. This court again struck the brief, ordered appellant to file a corrected brief within 10

days, and stated that if the brief failed to correct the noted deficiencies, the court may dismiss the appeal. El-Bey filed a second corrected brief.

The second corrected brief lists two issues:

Issue One – Service Completed in Houston Chronicle Newspaper Published in Harris County confirmed by HC Media Group, Hearst Corporation Affidavit of Publication State of Texas (Houston Chronicle daily Newspaper Published in Harris County and confirmed by Constable Alan Rosen, Precinct #1, Harris County, Texas Office according to Deputy Postings Publications – 1166 and Deputy Signature

Issue Two – Defendant or Defendant Attorney did not file a written answer with the clerk who issued the citation by 10:00 am on the Monday next following the expiration of 42 days from the date of the issuance of the citation and petition, which a default judgement [sic] may be taken against the Defendant according to (Rule 114-Rules of Civil Procedure).

An appellate brief should "acquaint the court with the issues in a case and . . . present argument that will enable the court to decide the case." TEX. R. APP. P. 38.9. Specifically, an appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The reviewing court has no duty to independently review the record to find error. *Penaloza Constr., LLC v. Fondren Heights, LLC*, No. 01-23-00333-CV, 2024 WL 234740, at *2 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet.). (mem. op.). A party whose brief fails to make a clear argument for its contentions waives the issue for appeal. *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 322 (Tex. App.—Houston [1st

3

Dist.] 2010, pet. denied); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas no pet.) ("We have no duty to brief [an] appellant's issue for her. Failure to . . . provide substantive analysis waives an issue on appeal."). Further, when an appellant's brief contains issues which are confusing and difficult to discern, the brief presents nothing for this court to review. *Maison KW Inc. v. Sallyport Com. Fin., LLC*, No. 01-24-00082-CV, 2024 WL 4536143, at *5 (Tex. App.—Houston [1st Dist.] Oct. 22, 2024, no pet.) (mem. op.) (citing cases concluding issues waived due to inadequate briefing when briefing was confusing, disjointed, or lacked coherence). A pro se litigant is held to the same standard as a licensed attorney and must comply with applicable laws and rules of procedure. *Id.* at *6.

Here, in two issues, El-Bey appears to complain about the trial court's denial of her motion for default judgment. To the extent El-Bey has raised any issues in her briefing which are discernable, her brief, among other things, fails to include "any clear and concise argument[s] for the contentions made, with appropriate citations to authorities and the record." *See* TEX. R. APP. P. 38.1(i). Appellant's factual recitations do not provide any citations to a specific page in the record where those facts may be found. The brief does not contain any substantive analysis of appellate arguments. While the brief provides legal citations to two authorities purporting to discuss sufficiency of the evidence for default judgment,

the brief contains no discussion or explanation of how the cases support appellant's contentions.

Accordingly, appellant has waived her issues on appeal because they are inadequately briefed. *See Izen*, 322 S.W.3d at 322; *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other.").

We hold that appellant's issues are inadequately briefed and overrule the same. *See* TEX. R. APP. P. 38.1.

## Conclusion

We affirm the trial court's judgment.

 

 

Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.