

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00419-CV

**JESUS ALMANZA D/B/A**
**JESUS ALMANZA CONCRETE,**

                                        **Appellant**

 **v.**

**TRACIE "OEHLER" KELLER**
**D/B/A OEHLER PROPERTIES,**

                                        **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 10-000977-CV-361

## OPINION

Jesus Almanza sued Tracie "Oehler" Keller and Charles Thomas.  Keller filed a motion for an order determining Almanza to be a vexatious litigant.  The trial court granted the motion and ordered Almanza to post a cash bond.  After Almanza failed to post the cash bond, the trial court then dismissed Almanza's claims against Keller.  Almanza appeals the trial court's order dismissing his claims against Keller.

By letter dated December 10, 2010, the Clerk of this Court notified Almanza that this case was subject to dismissal because the order might not be a final, appealable

order. Almanza was also warned that the appeal would be dismissed unless within 21 days from the date of the letter, Almanza filed a response showing grounds for continuing the appeal. Almanza filed a response but it does not show grounds for continuing the appeal. He contends that a motion under section 11.051 of the Texas Civil Practice and Remedies Code stays the proceeding until the motion to declare Almanza a vexatious litigant is resolved. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2002) ("In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order: (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security."). An 11.051 motion does, in some circumstances, stay certain aspects of the proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.052 (West 2002) ("(a) On the filing of a motion under Section 11.051, the litigation is stayed and the moving defendant is not required to plead: (1) if the motion is denied, before the 10th day after the date it is denied; or (2) if the motion is granted, before the 10th day after the date the moving defendant receives written notice that the plaintiff has furnished the required security. (b) On the filing of a motion under Section 11.051 on or after the date the trial starts, the litigation is stayed for a period the court determines."). The fact that the proceeding is stayed does not, however, give Almanza the right of an interlocutory appeal. The resolution of the motion referred to by the statute is the trial court's determination of the motion, not a determination of the propriety of the trial court's order after appeal. Further, there is no statutory right of an

interlocutory appeal of a vexatious litigant order or the related order requiring security. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008).

As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order or judgment is final when it disposes of all parties and claims. *Id*. at 205. The order Almanza attempts to appeal does not dispose of Almanza's claims against Thomas. Further, the trial court ordered that any claims by Keller against Almanza survived the dismissal. Accordingly, the trial court's order of dismissal is not final, and Almanza may not appeal that order at this time.

This appeal is dismissed. TEX. R. APP. P. 42.3(a).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 19, 2011
[CV06]