Opinion issued July
14, 2011

 

 

 

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-01006-CV

____________

 








RALPH O. DOUGLAS, Appellant

 

V.

 

GEICO INSURANCE, Appellee

 

 

On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2010-53065

 

 

 

 

 

 

 



MEMORANDUM OPINION








This is
an attempted appeal from a trial court order staying the proceeding pending
appellant’s compliance with the vexatious litigant statute.   See
Tex. Civ. Prac. & Rem. Code Ann.
§ 11.001–.104 (West 2002).

Generally,
appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352–53 (Tex. 2001).  Appellant
cites no authority, and we have found none, providing for an interlocutory
appeal from an order staying a proceeding pending compliance with the vexatious
litigant statute.  See generally Tex. Civ.
Prac. & Rem. Code Ann.
§ 51.014(a) (West 2008); see, e.g., Almanza
v. Keller, No. 10-10-00419-CV, 2011 WL 167619, at *1–2 (Tex. App.—Waco Jan.
19, 2011, no pet.) (mem. op.) (concluding that no statutory right exists to
appeal vexatious litigant order requiring cost bond).

On June
17, 2011, the Court notified the parties of its intent to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction on or before June 27, 2011.  See Tex. R. App. P. 42.3(a). Appellant
filed a response, but it does not show grounds for continuing the appeal. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a),
43.2(f).  All pending motions are
dismissed as moot.

PER CURIAM

 

Panel consists of Justices Jennings, Bland, and
Massengale.