**Dismissed and Memorandum Opinion filed April 5, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00527-CV

_____

### RALPH O. DOUGLAS, Appellant

### V.

### THE HONORABLE TEXAS BOARD OF PARDONS AND PAROLES, Appellee

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 10-DCV-184526**

## MEMORANDUM OPINION

This is an attempted appeal from a trial court order granting appellee's motion to declare appellant, Ralph O. Douglas, a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.001–.104 (West 2002 & Supp. 2011).

On June 25, 2010, appellee, the Honorable Board of Pardons and Paroles, filed a motion with the trial court asking it to "determine that [appellant] is a vexatious litigant" and "stay the proceedings and order [appellant] to furnish security in the amount

determined by the Court." After a hearing on the motion, the trial court issued an order granting appellee's motion. The Order stated that:

> On this day came to be heard [appellee's] Motion to Declare [appellant] A Vexatious Litigant. After reviewing the pleadings on file herein, the Court is of the opinion that said motion is meritorious, and should be in all things, GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the [appellee's] Motion to Declare [appellant] A Vexatious Litigant is hereby GRANTED.

Also included in the appellate record is appellant's "Notice of Interlocutory Appeal." It appears from the appellate record that no further action has been taken by or in the trial court.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Appellant cites no authority, and we have found none, providing for an interlocutory appeal from an order staying a proceeding pending compliance with the vexatious litigant statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); *Almanza v. Keller*, 345 S.W.3d 442, 443 (Tex. App.—Waco 2011, no pet.) ("[T]here is no statutory right of an interlocutory appeal of a vexatious litigant order or the related order requiring security."); *see also Pandozy v. Beaty*, 254 S.W.3d 613, 618 (Tex. App.—Texarkana 2008, no pet.) ("There is no provision in Section 51.014 authorizing an appeal of an order which declares a person a vexatious litigant…"); *cf. Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (appealing order of the trial court declaring appellant vexatious litigant and dismissing his lawsuit after he failed to furnish court-ordered security); *Leonard v. Abbott*, 171 S.W.3d 451, 454 (Tex. App.—Austin 2005, pet. denied) (same).

This Court notified the parties of our intent to dismiss for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Neither party filed a timely response to our notice.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/    Leslie Brock Yates
Senior Justice

Panel consists of Justices Seymore, Boyce, and Yates.[1]

---

[1] Senior Justice Leslie Brock Yates sitting by assignment.