**Motion Granted in Part; Dismissed and Memorandum Opinion filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00253-CV

### JIMMY DIAZ, Appellant

### V.

### A.M. STRINGFELLOW UNIT, ET AL.[1], Appellees

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-68893**

## M E M O R A N D U M   O P I N I O N

On March 16, 2015, appellant, an inmate appearing pro se, filed a notice of appeal objecting to the denial of his request to be present at a hearing scheduled for March 20, 2015. When the appeal was assigned to this court, the Harris County

---

[1] Appellant's notice of appeal states that the appellees are the A.M. Stringfellow Unit, Allen Hightower Regional Medical Health Care Provider, Major Warden Frankey Reescano, Assistant Warden Kenneth Jolley, Captain Graham, Marcus Hinkle, M.D., LVN-Practitioners Freemen and Patricia Lecuyer, and the Texas Department of Criminal Justice—Institutional Division.

District Clerk's office advised the court that no judgment or order had been signed by the trial court.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

On March 30, 2015, this court notified appellant that the appeal was subject to dismissal for want of jurisdiction unless he filed a response demonstrating our jurisdiction over the appeal. In addition, the court's notice advised appellant that as an inmate seeking to proceed without payment of costs, he is required to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West Supp. 2014); *see also Douglas v. Moffett,* 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

On April 8, 2015, appellant filed a motion to dismiss the appeal. In the motion, appellant agrees that no final appealable order has been signed in the court below. He complains that the Harris County District Clerk should not have forwarded his notice of appeal to this court, and therefore, he should not be required to pay the costs of the appeal.

It is well settled that a district clerk is required to forward a notice of appeal to the appellate court for the court's determination of compliance with the appellate rules and jurisdiction over the appeal. *See In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). "Once a notice of appeal is delivered to the clerk for filing, whether it is timely or untimely, the determination of appellate jurisdiction must be made by the appellate court. Accordingly, the clerk must file and forward to the appropriate appellate court the notice of appeal . . . ." *Id.* Therefore, we deny appellant's requested relief regarding

2

costs of the appeal.

On April 17, 2014, the Harris County District Clerk provided this court with a copy of the trial court's interlocutory order signed March 20, 2015, declaring appellant to be a vexatious litigant and requiring him to furnish security before proceeding with his suit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051–.055 (West 2002 & Supp. 2014). There is no statutory provision authorizing an appeal of an interlocutory order declaring a person a vexatious litigant, or of an order prohibiting a person from filing new litigation without permission of the local administrative judge. *See Almanza v. Keller,* 345 S.W.3d 442, 443 (Tex. App.—Waco 2011, no pet.) (holding "there is no statutory right of an interlocutory appeal of a vexatious litigant order or the related order requiring security."); *Douglas v. Hon. Tex. Bd. of Pardons & Paroles*, No. 14-11-00527-CV, 2012 WL 1154367, at *1 (Tex. App.—Houston [14th Dist.] Apr. 5, 2012, no pet.) (mem. op.) (dismissing an interlocutory appeal from an order declaring appellant to be a vexatious litigant).

Accordingly, we grant the portion of appellant's motion requesting that the appeal be dismissed for want of jurisdiction, but we deny any other requested relief.

The appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.