

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-19-00062-CV

───────────────────────

DRUE ALLEN HOLLIS, Appellant

V.

ACCLAIM PHYSICIAN GROUP, INC.; TARRANT COUNTY HOSPITAL DISTRICT D/B/A JPS HEALTH NETWORK; PROBATE COURT NO. 1 OF TARRANT COUNTY; PROBATE COURT NO. 2 OF TARRANT COUNTY; TC PROBATE COURTS 1 AND 2 ; UNIVERSITY OF NORTH TEXAS HEALTH SCIENCE CENTER; PROPATH ASSOCIATES, P.L.L.C.; TARRANT COUNTY SHERIFF, BILL E. WAYBOURN; AND MESA SPRINGS, L.L.C., Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-301866-18

Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

## I. Introduction

Appellant Drue Allen Hollis, a former involuntarily-committed mental health patient, filed a pro se civil rights lawsuit against Appellees, which include Acclaim Physician Group, Inc.; Tarrant County Hospital District d/b/a JPS Health Network; Probate Court No. 1 of Tarrant County; Probate Court No. 2 of Tarrant County; University of North Texas Health Science Center; ProPath Associates, P.L.L.C.; Tarrant County Sheriff, Bill E. Waybourn; and Mesa Springs, L.L.C. After holding a hearing on Appellees' motions to dismiss and to declare Hollis a vexatious litigant, the trial court signed an order declaring Hollis a vexatious litigant, requiring him to post security, and prohibiting him from filing any new pro se litigation without first obtaining the local administrative judge's permission. Hollis appeals from this order, alleging numerous issues in the "Issues Presented" section of his brief.

Most of the issues in the "Issues Presented" section of Hollis's brief have been waived due to inadequate briefing. The two issues in his brief for which he provided some analysis include an issue arguing that 42 U.S.C. § 1988 preempts chapter 11 of the Texas Civil Practice and Remedies Code and an issue arguing that the trial court lacked jurisdiction because 42 U.S.C. § 1988 preempted the vexatious-litigant statutes and did not confer jurisdiction on the trial court. Because Hollis waived his choice-of-law preemption argument by failing to raise it in the trial court and because the trial court properly exercised jurisdiction under the Texas vexatious-litigant statutes, we

2

affirm the prefiling portion of the vexatious-litigant order.  We dismiss for lack of jurisdiction any portion of Hollis's appeal that could be construed as challenging the amount of the bond that the trial court ordered him to post.

## II.  Background

In twelve separate proceedings between 2009 and 2018, Hollis was involuntarily committed for observation and treatment because he was likely to cause serious harm to himself or to others; was unable to make a rational and informed decision as to whether to submit to treatment; was suffering severe and abnormal mental, emotional, or physical distress; and was experiencing substantial mental or physical deterioration of his ability to function independently.  Hollis's twelve mental health proceedings were filed in the two Tarrant County statutory probate courts.  In connection with the mental health proceedings, Hollis received treatment or services from the following entities:  Acclaim Physician Group, Inc.; Tarrant County Hospital District d/b/a JPS Health Network; University of North Texas Health Science Center; ProPath Associates, P.L.L.C.; and Mesa Springs, L.L.C.

In 2015, Hollis filed his first of six lawsuits against the two statutory probate courts, his mental healthcare providers, and others.  All six of Hollis's lawsuits were dismissed.  Hollis appealed two of the dismissals, and the appeals were dismissed.  *See Hollis v. Mental Health Mental Retardation*, No. 02-18-00134-CV, 2018 WL 3763702, at *1 (Tex. App.—Fort Worth Aug. 9, 2018, no pet.) (mem. op.) (granting Hollis's motion to dismiss appeal); *Hollis v. Tarrant Cty. Probate Court One*, No. 08-17-00091-

3

CV, 2017 WL 2889059, at *1 (Tex. App.—El Paso July 7, 2017, no pet.) (mem. op.) (dismissing appeal for want of prosecution).

In 2018, Hollis filed the underlying lawsuit.[1] Hollis also filed a lawsuit against MHMR.[2] Hollis thus filed eight lawsuits in less than five years.

Appellees Probate Court No. 1 of Tarrant County and Probate Court No. 2 of Tarrant County filed a joint motion to dismiss and to declare Hollis a vexatious litigant. Appellee Tarrant County Sheriff Bill E. Waybourn filed a similar motion. All other Appellees joined in the motion filed by the two statutory probate courts.

The trial court held a hearing on the motions to dismiss and granted the motions the following day. The trial court found that Hollis met the criteria established by chapter 11 of the Texas Civil Practice and Remedies Code to be declared a vexatious litigant. After determining that Hollis was a vexatious litigant, the trial court ordered Hollis to provide security to Appellees in the amount of $7,000 and stated that the failure to post a bond within thirty days would result in the lawsuit's dismissal with prejudice. The trial court's vexatious-litigant order also

---

[1]Hollis sued additional defendants, including "Trinity Springs Pavilion for Psychiatric Services" and "John Peter Smith Hospital." But as pointed out by Appellees, these are facility names, not legal entities, and the proper legal entity is Tarrant County Hospital d/b/a JPS Health Network. Hollis also sued Millwood Hospital, L.P., but that entity had not appeared as of the time the trial court signed the vexatious-litigant order. Hollis also sued "Spring Hills Internal Medicine, P.A.," but that entity did not file or join a motion to dismiss and was not included in the order at issue.

[2]An appeal related to that lawsuit is pending in No. 02-19-00150-CV.

4

includes a prefiling order prohibiting Hollis from filing any new litigation without the written permission of the local administrative judge. Hollis posted a $7,000 cash bond and filed a notice of appeal of the trial court's vexatious-litigant order.

### III. This Court's Jurisdiction

This court recently set forth the law concerning this court's jurisdiction over appeals from vexatious-litigant orders that arise under chapter 11 of the Texas Civil Practice and Remedies Code:

> Chapter 11 of the civil practice and remedies code provides two different methods for restricting vexatious litigation. *See* [Tex. Civ. Prac. & Rem. Code Ann.] §§ 11.051–.104. *See generally Leonard v. Abbott*, 171 S.W.3d 451, 457 (Tex. App.—Austin 2005, pet. denied) ("The purpose of chapter eleven is to restrict frivolous and vexatious litigation."); *Devoll v. State*, 155 S.W.3d 498, 501 (Tex. App.—San Antonio 2004, no pet.) ("Chapter Eleven of the Texas Civil Practice and Remedies Code provides a framework for courts and attorneys to curb vexatious litigation."). The first, available under section 11.051, provides that a defendant may—within 90 days of filing an original answer or making a special appearance—move for an order determining that the plaintiff is a vexatious litigant and requiring him to furnish security. Tex. Civ. Prac. & Rem. Code Ann. § 11.051. If, after notice and hearing, the trial court determines that the plaintiff is vexatious, the trial court must order the plaintiff to furnish security "for the benefit of the moving defendant" and must "determine the date by which the security must be furnished." *See id.* §§ 11.053–.055. If the plaintiff fails to furnish the ordered security, the trial court must dismiss the plaintiff's claims as to the moving defendant. *Id.* § 11.056. There is no interlocutory appeal available from an order declaring a plaintiff to be a vexatious litigant and requiring him to furnish security. *See, e.g., Restrepo v. Alliance Riggers & Constructors, Ltd.*, No. 08-15-00011-CV, 2015 WL 999950, at *1 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op.); *Lagaite v. Boland*, No. 07-12-0422-CV, 2012 WL 6213259, at *1–2 (Tex. App.—Amarillo Dec. 13, 2012, no pet.) (mem. op.); *Douglas v. Honorable Tex. Bd. of Pardons & Paroles*, No. 14-11-00527-CV, 2012 WL 1154367, at *1 (Tex. App.—

Houston [14th Dist.] Apr. 5, 2012, no pet.) (mem. op.); *Almanza v. Keller*, 345 S.W.3d 442, 443 (Tex. App.—Waco 2011, no pet.). . . .

> The second method for restricting vexatious litigants, available under section 11.101(a), allows a trial court—on a party's motion or the court's own motion—upon finding a person to be a vexatious litigant, to enter an order prohibiting that person from filing, pro se, any new litigation without the local administrative judge's permission. Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a). Section 11.101(c) expressly permits an appeal from a prefiling order: "[a] litigant may appeal from a prefiling order entered under [section 11.101(a)] designating the person a vexatious litigant." *Id.* § 11.101(c); *see id.* § 11.103(d) (permitting appellate-court clerk to file an appeal from a prefiling order entered under section 11.101). Several courts have interpreted section 11.101(c) as providing for an interlocutory appeal. *See Margetis v. Bayview Loan Servicing, LLC*, No. 10-18-00128-CV, 2018 WL 2727862, at *1 (Tex. App.—Waco June 6, 2018, no pet. h.); *Jones v. Carter*, No. 09-16-00081-CV, 2016 WL 2941412, at *1 (Tex. App.—Beaumont May 19, 2016, no pet.) (mem. op.); *Restrepo*, 2015 WL 999950, at *1–2. *But see Diaz v. A.M. Stringfellow Unit*, No. 14-15-00253-CV, 2015 WL 1870251, at *1 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, no pet.) (mem. op.) (stating, in dictum, in a case involving a vexatious-litigant order—but not a prefiling order—that "[t]here is no statutory provision authorizing an appeal . . . of an order prohibiting a person from filing new litigation without permission of the local administrative judge"); *Miller v. State*, No. 05-01-00115-CV, 2001 WL 462811, at *1 (Tex. App.—Dallas May 3, 2001, no pet.) (not designated for publication) (stating, in case predating section 11.101(c), that order finding plaintiff vexatious, requiring security, and limiting the filing of new litigation was not an appealable interlocutory order). Based on the statutory language, we conclude that we have jurisdiction over [an] appeal from . . . the remaining portion of the vexatious-litigant order, which is essentially a prefiling order.

*Florence v. Rollings*, No. 02-17-00313-CV, 2018 WL 4140458, at *2–3 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) (footnote omitted).

Because Hollis generally appeals from the entire order declaring him to be a vexatious litigant and requiring him to furnish security, Appellees correctly point out

that we do not have jurisdiction over any portion of Hollis's appeal from the portion of the vexatious-litigant order ordering him to furnish security based on the trial court's finding that he is a vexatious litigant. *See generally id.* at *2 (listing cases holding that there is no interlocutory appeal from an order declaring a plaintiff to be a vexatious litigant and requiring him to furnish security). Although Hollis did not raise an issue specifically challenging the bond amount, to the extent that the single sentence in the sixth paragraph of the "Issues Presented" section of his brief[3] can be construed to challenge the portion of the vexatious-litigant order ordering him to furnish security, we dismiss for want of jurisdiction that portion of Hollis's appeal. *See id.* For those issues over which we do have jurisdiction, Hollis does not raise an issue specifically challenging the portion of the vexatious-litigant order that constitutes a prefiling order but instead raises issues alleging preemption and the trial court's jurisdiction, which we address below.

## IV. Inadequately-Briefed Issues

The "Issues Presented" section of Hollis's brief includes nine paragraphs. Of the nine paragraphs, Hollis provided argument and analysis for only the issues alleged in his first paragraph, which argues that "[f]ederal law expressly preempts [s]tate law in this matter to the extent that the trial court acted in excess of its jurisdiction."

---

[3]That sentence states, "The amount of security required by the trial court, determined at the time of hearing based upon Appellees' estimated attorney's fees without written documentation, evidences the insufficiency of the law to carry the trial court's jurisdiction into effect, both in form and function."

Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *Id.* at 185. The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue. *See generally Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). An appellant must discuss the facts and the authorities relied upon as may be requisite to maintain the point at issue. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.*

Because the issues alleged in paragraphs two through nine in the "Issues Presented" section of Hollis's brief consist of brief conclusory statements, which are unsupported by legal citations, we hold that Hollis waived those issues due to

8

inadequate briefing. *See Fredonia State Bank*, 881 S.W.2d at 284–85; *Tesoro Petroleum Corp.*, 106 S.W.3d at 128.

## V. Preemption Issue

In the first issue that Hollis briefed, which is in section II of his brief, he argues that 42 U.S.C. § 1988 preempts chapter 11 of the Texas Civil Practice and Remedies Code.[4] Hollis's preemption argument is based on the choice of law that should have been applied by the trial court, not the choice of which forum had the exclusive power to hear the controversy. As such, Hollis was required to present his preemption argument to the trial court in order to preserve it for appeal. *Compare Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 890–91 (Tex. App.—Austin 2018, pet. filed) (holding that the Pivot Plaintiffs, who argued for the first time on appeal that

---

[4]Section 1988(a) sets forth the applicability of statutory and common law in proceedings in vindication of civil rights as follows:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C.A. § 1988(a).

the Texas Citizens Participation Act did not apply to some of their claims because such claims were governed exclusively by a different statute, were required to present to the trial court their preemption argument involving choice of law), *and Entergy Gulf States, Inc. v. Public Util. Comm'n of Tex.*, 173 S.W.3d 199, 210 (Tex. App.—Austin 2005, pet. denied) (op. on reh'g) (noting that preemption argument that affects choice of law can be waived), *with Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 545 (Tex. 1991) (noting that preemption argument that affects choice of forum rather than choice of law is not waivable and can be raised for first time on appeal). Accordingly, we hold that Hollis waived his choice-of-law preemption argument.

## VI. Trial Court's Jurisdiction

In the second issue that Hollis briefed, which is in section III of his brief, he argues generally that the trial court acted in excess of its jurisdiction. Hollis ties his jurisdiction argument back to his choice-of-law preemption issue, arguing that 42 U.S.C. § 1988 preempted Appellees' vexatious-litigant proceedings "such that the concurrent jurisdiction that existed at the time the lawsuit was filed was not conferred to the trial court at the time of [the] hearing." Hollis cites no authority, other than the statute, to support his argument. The statute, however, does not contain any express language preempting application of chapter 11 of the Texas Civil Practice and Remedies Code or state law generally. *See* 42 U.S.C. § 1988. And we have not found any case law holding that 42 U.S.C. § 1988 has impliedly preempted chapter 11 of the Texas Civil Practice and Remedies Code.

10

Pro se inmates have unsuccessfully attempted to raise a similar argument—that section 1983 claims are not subject to dismissal under chapter 14 of the Texas Civil Practice and Remedies Code. Those arguments have failed because (1) "[s]tates may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law" and (2) section 1983 claims brought in federal court by inmates litigating in forma pauperis are subject to substantially similar requirements as those imposed by chapter 14. *See Thomas v. Bush*, 23 S.W.3d 215, 217–18 (Tex. App.—Beaumont 2000, pet. denied) (citing *Howlett v. Rose*, 496 U.S. 356, 372, 110 S. Ct. 2430, 2440–41 (1990)). Because the requirements of chapter 14 do not conflict with section 1983, such arguments raised by pro se inmates have failed. *See, e.g., Vaughn v. Hicks*, No. 14-08-00726-CV, 2009 WL 1057879, at *1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2009, pet. denied) (mem. op.) (citing *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 940 (Tex. App.—Fort Worth 1997, pet. denied)).

A similar analysis flows from Hollis's argument. As set forth above, the purpose of chapter 11 is to restrict frivolous and vexatious litigation and to provide a framework for courts and attorneys to curb vexatious litigation. *Florence*, 2018 WL 4140458, at *2. Likewise, federal courts are authorized "to enjoin litigants who are abusing the court system by harassing their opponents." *Fed. Ins. Co. v. Northfield Ins. Co.*, Civ. Action No. 4:14-00262, 2019 WL 1302295, at *5 (S.D. Tex. Mar. 21, 2019) (mem. & order) (quoting *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). Moreover, the Fifth Circuit recognizes that district courts are empowered, through the

All Writs Act, "to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *Id.* Because the requirements that federal law imposes on vexatious litigants are similar to the requirements in chapter 11, chapter 11 of the Texas Civil Practice and Remedies Code has not been preempted by 42 U.S.C. § 1988. Accordingly, we hold that the trial court did not exceed its jurisdiction by entering the prefiling order, and we overrule Hollis's second issue.

## VII. Waiver of Issues in Reply Brief

In his reply brief, Hollis sets forth twelve Roman numerals, each followed by a single sentence. All of the statements appear to raise new issues that were not raised in Hollis's initial brief, and none of the issues contain any analysis. Because new issues may not be raised in a reply brief and because issues must contain a substantive analysis, we conclude that Hollis has waived all of the issues set forth in his reply brief. *See Fredonia State Bank*, 881 S.W.2d at 284–85; *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. *See generally* Tex. R. App. P. 38.3; *Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue not raised in the appellant's original brief.").

## VIII. Conclusion

Because we lack jurisdiction over Hollis's appeal from the portion of the vexatious-litigant order ordering him to furnish security based on the trial court's

12

finding that he is a vexatious litigant, we dismiss that part of the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f). Having disposed of the two issues that Hollis supported with some analysis, we affirm the prefiling portion of the vexatious-litigant order. *See* Tex. R. App. P. 43.2(a).

Per Curiam

Delivered: July 25, 2019