

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00068-CV

---

MICHAEL KENNEDY, TDCJ #01516203, Appellant

V.

KAYCEE JONES, ET AL., Appellee

---

On Appeal from the 258th District Court
Polk County, Texas
Trial Court No. CIV32610

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

After his Chapter 14 inmate lawsuit was dismissed for want of jurisdiction, Michael Kennedy sued Kaycee Jones, the district court judge who entered the dismissal, the justices of the Ninth Court of Appeals, the justices of the Texas Supreme Court, and others for abuse of power, discrimination, false imprisonment, and other claims. Kennedy "has, for decades, been a prolific 'writ writer' and a Texas prison inmate." *Kennedy v. Staples*, 336 S.W.3d 745, 746 (Tex. App.— Texarkana 2011, no pet.) (footnote omitted) (finding that Kennedy had filed 253 separate appellate court proceedings as of 2011). After a June 7, 2019, hearing at which Kennedy appeared, the 258th Judicial District Court of Polk County, Texas, declared Kennedy a vexatious litigant and ordered him to furnish security by July 6, 2019, in the amount of $5,000.00 to proceed in the case. The trial court also entered a prefiling order prohibiting Kennedy from filing any new litigation without first obtaining permission from a local administrative judge.

In this interlocutory appeal, Kennedy raises several issues unrelated to the vexatious litigant finding.[1] For reasons shown below, we only have jurisdiction to address the trial court's prefiling order. As a result, we dismiss all of Kennedy's arguments on appeal that do not relate to the prefiling order for want of jurisdiction. We also find that Kennedy raises no cognizable complaint about the prefiling order, which we affirm.

First, if a trial court determines that a plaintiff is a vexatious litigant, it "shall order the plaintiff to furnish security for the benefit of the moving defendant." TEX. CIV. PRAC. & REM.

---

[1]Originally appealed to the Ninth Court of Appeals, this case was transferred to this Court by the Texas Supreme Count following the recusal of the Ninth Court. We follow the precedent of the Ninth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

CODE ANN. § 11.055. "There is no interlocutory appeal available from an order declaring a plaintiff to be a vexatious litigant and requiring him to furnish security." *Florence v. Rollings*, No. 02-17-00313-CV, 2018 WL 4140458, at *2 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) (citing *Restrepo v. Alliance Riggers & Constructors, Ltd.*, No. 08-15-00011-CV, 2015 WL 999950, at *1 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op.); *Lagaite v. Boland*, No. 07-12-0422-CV, 2012 WL 6213259, at *1–2 (Tex. App.—Amarillo Dec. 13, 2012, no pet.) (mem. op.); *Douglas v. Honorable Tex. Bd. of Pardons & Paroles*, No. 14-11-00527-CV, 2012 WL 1154367, at *1 (Tex. App.—Houston [14th Dist.] Apr. 5, 2012, no pet.) (mem. op.); *Almanza v. Keller*, 345 S.W.3d 442, 443 (Tex. App.—Waco 2011, no pet.)). To the extent Kennedy's appeal can be construed as relating to the Section 11.055 order, we dismiss that portion of the appeal for want of jurisdiction.

Next, there is no final judgment in this case.[2] "This Court's appellate jurisdiction is limited to appeals from final judgments and such interlocutory orders as the legislature has deemed appealable." *Ceasar v. Wells Fargo Bank, N.A.*, No. 09-19-00374-CV, 2019 WL 6606792, at *1 (Tex. App.—Beaumont Dec. 5, 2019, no pet. h.) (per curiam) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993) (per curiam)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Several of Kennedy's complaints raise issues that are either unrelated to the trial court's prefiling order, go to the merits of the case, have not been decided by

---

[2]Although the defendants moved to dismiss the case for failure to furnish security, Kennedy's claims have not yet been dismissed.

3

the trial court, or constitute an impermissible collateral attack on his final conviction. We dismiss these issues for want of jurisdiction as well.

The only issue before us within our jurisdiction is Kennedy's prefiling order. A court may enter an order prohibiting a person from filing new litigation in a court in this state if the person is a vexatious litigant.[3] TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). "Section 11.101(c) expressly permits an appeal from a prefiling order: '[a] litigant may appeal from a prefiling order entered under [section 11.101(a)] designating the person a vexatious litigant." *Florence*, 2018 WL 4140458, at *3 (alterations in orginal) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d) ("permitting appellate-court clerk to file an appeal from a prefiling order entered under section 11.101")). The Beaumont Court of Appeals has interpreted Section 11.101(c) as providing for an interlocutory appeal of the prefiling order. *Jones v. Carter*, No. 09-16-00081-CV, 2016 WL 2941412, at *1 (Tex. App.—Beaumont May 19, 2016, no pet.) (mem. op.).

"The trial court's determination that appellant is a vexatious litigant is reviewed under an abuse of discretion standard." *Newby v. Quarterman*, No. 09-08-00385-CV, 2009 WL 3763790, at *2 (Tex. App.—Beaumont Nov. 12, 2009, no pet.) (mem. op.) (citing *Douglas v. Am. Title Co.*,

---

[3]On June 7, 2019, the 258th Judicial District Court of Polk County, Texas, declared Kennedy a vexatious litigant. As a result, Kennedy has been on the State of Texas's list of vexatious litigants since that date. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051–.057. Pursuant to that order, Kennedy is specifically prohibited from filing any new litigation, including an appeal, in a court of this State without first obtaining permission from a local administrative judge. Order, *Michael Kennedy v. Kaycee Jones, et al.*, No. CIV32610 (258th Jud. Dist. Ct. Polk Cty. June 7, 2019), *available at* https://www.txcourts.gov/media/1444585/michael-kennedy.pdf; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.102. A "local administrative judge . . . may grant permission to a vexations litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d)(1)–(2).

4

196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). "The trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding principles." *Id.* (quoting *Douglas*, 196 S.W.3d at 879). "When the trial court makes no formal findings of fact or conclusions of law (as is the case here), we must presume the trial court made all findings necessary to support its judgment." *Id.* (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). "In such situations, the trial court's ruling must not be disturbed if 'it can be upheld on any legal theory that finds support in the evidence.'" *Id.* (quoting *Worford*, 801 S.W.2d at 109).

The trial court's order was based on evidence presented by the Appellees showing that all prerequisites to declaring a person a vexatious litigant had been met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054. While Kennedy does not specifically mention the prefiling order, his brief states that he "was improperly under vexatious." Even so, Kennedy makes no argument challenging the Appellees' evidence showing that the Section 11.054 requirements were met and does not otherwise argue that the trial court abused its discretion in finding him to be a vexatious litigant. Because there is no "colorable argument regarding the Court's order that he be declared vexatious," the Appellees argue that Kennedy has waived the issue as a result of inadequate briefing. We agree.

"Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel." *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *3 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.

5

1978)).  "To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney."  *Id.*

"The Texas Rules of Appellate Procedure require that a brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'"  *Id.* (citing TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing")).  "The appellate court has no duty to brief issues for an appellant."  *Id.* (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)).  Even on interlocutory appeal from a prefiling order, "[i]n the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue."  *Id.* (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994)); *see Redmond v. Kovar*, No. 09-17-00099-CV, 2018 WL 651272, at *3 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.).  Briefing requirements are not met "by merely uttering brief conclusory statements, unsupported by legal citations."  *Hollis*, 2019 WL 3334617, at *3 (quoting *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)).  We find that Kennedy's mere mention of the vexatious litigant finding as "improper" presents nothing for appellate review.  *See Redmond*, 2018 WL 651272, at *3.

We affirm the trial court's prefiling order entered under Section 11.101 of the Texas Civil Practice and Remedies Code. We dismiss the remaining issues on appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     December 30, 2019
Date Decided:        January 7, 2020