**Opinion issued April 4, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-22-00559-CV

———————————

## CLARENCE K. GIBSON, Appellant

## V.

## TEXAS SOUTHERN UNIVERSITY, Appellee

---

### On Appeal from the 61st District Court
### Harris County, Texas
### Trial Court Case No. 2021-78594

---

## MEMORANDUM OPINION

Appellant, Clarence K. Gibson, proceeding pro se, challenges the trial court's

order granting the plea to the jurisdiction and motion to dismiss[1] of appellee, Texas

Southern University ("Texas Southern"), in Gibson's suit against Texas Southern

---

[1]     *See* TEX. R. CIV. P. 91a.

for defamation, libel, slander, and retaliation. He presents the following five issues for our review: (1) "[W]hether the [trial] court properly permitted the substitution and withdrawal of [Texas Southern's] counsel without notice, motion, affidavit or orders permitting the change"; (2) "[W]hether the [trial] court erred in conducting a hearing without the assurance of proper service by the opposing party"; (3) "Whether the nonsubjective generalized objections with no evidence were sufficient to satisfy rule 26, [Texas Southern] claims"; (4) "[W]hether [Texas Southern's] process of service was proper and sufficient"; and (5) "[W]hether the trial court erred as [Texas Southern's] acts frauded [Gibson] and the [trial] court."

We affirm.

## Background

In his second amended petition,[2] Gibson alleged that he was forty-three years old and unemployed. He had been previously employed as "Assistant Director of Bands/Instructor of Music" at Texas Southern. In November 2015, he was appointed "Interim Director of University Bands," and in January 2017, he was appointed the "Marching Band Director" at Texas Southern. He was then "placed out of the music department and worked in Student Services until his resignation on October 1[,]

---

[2] Gibson titled his second amended petition, filed on June 2, 2022, as "Plaintiff's Second Amended Original Complaint."

2019." Gibson brought claims against Texas Southern for defamation, libel, slander, and retaliation.[3]

Texas Southern answered, generally denying the allegations in Gibson's petition, and asserting, among other defenses, that sovereign immunity barred Gibson's claims against it, Gibson failed "to exhaust administrative remedies," and Gibson failed "to state claims for which relief [could] be granted."

Texas Southern then filed a combined plea to the jurisdiction and motion to dismiss under Texas Rule of Civil Procedure 91a, arguing that the trial court lacked jurisdiction over certain claims alleged by Gibson because Texas Southern was entitled to sovereign immunity, which had not been waived, and Gibson had "failed to exhaust [his] administrative remedies." Texas Southern further asserted that Gibson's claims against it had no basis in law or fact.

In response, Gibson filed a document titled "Plaintiff's Partial Motion of Summary Judgment – No Evidence and Motion for a Decision Without a Hearing or Trial and Motion for Ex Parte Financial Relief by Written Submission to Case Docket," stating:

---

[3] An amended petition completely replaces and supersedes the previously filed petition. *Anderson v. Waller Cnty. & Waller Cnty. Sheriff's Dep't*, No. 01-20-00097-CV, 2021 WL 3042677, at *4 (Tex. App.—Houston [1st Dist.] July 10, 2021, pet. denied) (mem. op.). Once a petition is amended and filed, the prior petition is no longer part of the pleadings in the case. *Id.* The amended petition becomes the controlling petition. *Id.*

> The plaintiff has suffered irreparable damage and harm and most importantly, denied his right to due process and right to a speedy and fair trial through the causations of binding use of emergency procedures by defendant[']s counsel without service to plaintiff. The plaintiffs [sic] affirms this court has the jurisdiction to enforce matters in this case as there is no genuine dispute to ANY of the claims/matters presented and the plaintiff should be granted this motion with absolutely no delay.

He requested that Texas Southern's plea to the jurisdiction and motion to dismiss be denied.

After Texas Southern filed a supplement to its plea to the jurisdiction and motion to dismiss, Gibson filed another response, asserting that Texas Southern did not qualify for sovereign immunity because he was an employee of Texas Southern. Gibson also asserted that "exhaustion of administrative remedies ha[d] been satisfied."

The trial court granted Texas Southern's plea to the jurisdiction and motion to dismiss. In its order, the trial court dismissed all of Gibson's claims against Texas Southern with prejudice.

### Inadequate Briefing

In his "Summary of the Argument" section of his brief, appellant lists the following "issues": (1) "[W]hether the [trial] court properly permitted the substitution and withdrawal of [Texas Southern's] counsel without notice, motion, affidavit or orders permitting the change"; (2) "[W]hether the [trial] court erred in conducting a hearing without the assurance of proper service by the opposing party";

4

(3) "Whether the nonsubjective generalized objections with no evidence were sufficient to satisfy rule 26, [Texas Southern] claims";[4] (4) "[W]hether [Texas Southern's] process of service was proper and sufficient"; and (5) "[W]hether the trial court erred as [Texas Southern's] acts frauded [Gibson] and the [trial] court."

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. The appellate briefing requirements are mandatory. *M & E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.); *see also Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.) (pro se litigant must comply with Texas Rules of Appellate Procedure). "Only when [an appellate court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers*

---

[4] Gibson appears to reference Federal Rule of Civil Procedure 26, which does not apply to this proceeding. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

*Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts for Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party"); *Tucker v. Fort Worth & W. R.R.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) ("[The appellate court is] not obligated to become [an] advocate[] for a particular litigant by performing research and developing argument for that litigant. It is the appealing party's burden to discuss his assertions of error, and [the appellate court] ha[s] no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." (internal citations and quotations omitted)).

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive

analysis of an issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see also In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.").

Appellant, in his brief, does not provide this Court with any appropriate argument, analysis, discussion, or citations to legal authority or to the record about his five purported issues on appeal. *See* TEX. R. APP. P. 38.1(i); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing," including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record."); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules . . . .");

7

*Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present his case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel").

Accordingly, we hold that Gibson has waived his five issues for appellate review due to inadequate briefing. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) (appellate court cannot remedy deficiencies in appellant's brief for him).

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.