**Opinion issued October 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-24-00082-CV

―――――――――――――

**MAISON KW INC, KAMILAH WILLACY, INDIVIDUALLY, AP REMITTANCE CORP, LMA GLOBAL INC., QRG CORP, SABA RETAIL INC, AND WILLACY GROUP INCORPORATED, Appellants**

**V.**

**SALLYPORT COMMERCIAL FINANCE, LLC, Appellee**

―――――――――――――

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-48481**

―――――――――――――

## MEMORANDUM OPINION

Appellants, Maison KW Inc, Kamilah Willacy, individually, AP Remittance

Corp, QRG Corp, SABA Retail Inc, and Willacy Group Incorporated (collectively,

"appellants"),[1] proceeding pro se challenge the trial court's no-answer default judgment entered against certain appellants in favor of appellee, Sallyport Commercial Finance, LLC ("Sallyport"), in Sallyport's suit against appellants for breach of contract, fraud, conspiracy to commit fraud, and theft. In six issues, appellants contend that their due process rights were violated and the trial court erred in entering a no-answer default judgment and not granting Willacy's motion to dismiss.[2]

---

[1]     The notice of appeal also lists LMA Global Inc. as an appellant seeking to appeal from the trial court's no-answer default judgment. But the trial court did not enter a no-answer default judgment against LMA Global Inc., and appellee, Sallyport Commercial Finance, LLC ("Sallyport"), non-suited its claims against LMA Global Inc. before a final judgment was entered in the trial court and before the notice of appeal was filed. When a plaintiff non-suits its claims against a defendant, who has no outstanding affirmative claims for relief, there are no longer any claims pending against that defendant and the defendant becomes a non-party, with no standing to appeal. *See In re Guardianship of Semrad*, No. 01-21-00491-CV, 2023 WL 5534251, at *13 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.); *In the Interest of M.W.*, No. 02-22-00095-CV, 2022 WL 2071785, at *1 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.) ("[A]fter a plaintiff takes a nonsuit against a defendant, a defendant, who has no outstanding claims for affirmative relief is no longer a party to the suit with standing to appeal."); *White v. Zhou Pei*, 452 S.W.3d 527, 534 n.5 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting where two parties nonsuited their claims, they were no longer parties to the litigation). Accordingly, we dismiss the appeal of LMA Global Inc. for lack of jurisdiction. *See, e.g.*, *In the Interest of M.W.*, 2022 WL 2071785, at *1; *In re Estate of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *3–4 (Tex. App.—Corpus Christi–Edinburg June 18, 2015, no pet.) (mem. op.).

[2]     In their briefing, appellants phrase their issues as follows: (1) "The Harris County District Court of the 234th Judicial District error [sic] in granting the interlocutory default judgment against the [a]ppellants"; (2) "[t]he Harris County District Court of the 234th Judicial District errored [sic] in not ordering the [a]ppellants [sic] [r]ule 91a [m]otion to dismiss the [a]ppellees [sic] complaint for failure to state a claim"; (3) "[t]he fundamental due process rights of the [a]ppellants were violated";

We affirm in part and dismiss in part.

## Background

In its petition, Sallyport alleged that it was "in the factoring business, which involve[d] the purchas[ing] of accounts receivable at a discount ('Accounts') from businesses." According to Sallyport, "in the factoring business," the entity "that purchase[d] the Accounts [was] known as the 'Factor.'" The entity "from whom the Factor purchase[d] the Accounts [was] the 'Factoring Client,'" and "[t]he Factoring Client's customer, who owe[d] payment on the Account, [was the] 'Account Debtor.'"

Sallyport further alleged that as a Factor, it would "advance[] funds to its Factoring Clients by purchasing the Factoring Client's Accounts." Sallyport would also "take[] a security interest in the Factoring Client's assets . . . to secure repayment of the Factoring Client's obligations." Additionally, Sallyport would notify the Factoring Client's customers, also known as the Account Debtors, that the Factoring Client's Accounts had been assigned to Sallyport for payment and "that

___

(4) "[a]n interlocutory default judgment should not have been ordered by the trial court as it was not pursuant to the statutes and rules of the State of Texas"; (5) "[j]udicial discretion did not extend to the courts [sic] refusal to dismiss the [a]ppellants [sic] [r]ule 91(a) [m]otion to dismiss the [a]ppellees [sic] complaint for failure to state a claim upon which relief could be granted"; and (6) "[a]ppellants [sic] due process rights were violated when the court errored [sic] in entering an [i]nterlocutory [d]efault [j]udgment against the [a]ppellants, in violation of due process afforded them in the Texas Constitution and applicable Texas [l]aw and case [l]aw."

all obligations owed to the Factoring Client[s] [were] to be paid directly to Sallyport (including amounts owed on Accounts which [Sallyport] ha[d] not purchased)." According to Sallyport, as to the Accounts that it had purchased from a Factoring Client, the Factoring Client "d[id] not retain any legal or equitable interest in the Account[s] sold." "All legal and equitable interests in the sold Accounts, including the exclusive right to receive payment from the Account Debtor, vest[ed] with Sallyport."

On or about March 20, 2020, Sallyport and Maison KW Inc entered into a Factoring Agreement, under which Sallyport "agreed to purchase eligible Accounts from Maison KW [Inc] under an agreed-upon formula." Sallyport purchased Accounts from Maison KW Inc "arising from the services that Maison KW [Inc] rendered to its purported customers." Maison KW Inc, as the Factoring Client, "did not retain any legal or equitable interest in the Accounts that it sold to Sallyport." According to Sallyport, Maison KW Inc, and its guarantor, Willacy,[3] "warranted and represented that the Accounts sold to Sallyport were legitimate, valid, due and owing from Account Debtors that were in existence and operating at an arm's length with Maison KW [Inc]."

---

[3] Sallyport alleged that Willacy "unconditionally and personally guaranteed the obligation of Maison KW [Inc]" and Willacy was "liable for the full payment and performance of all existing and future indebtedness, obligations or liabilities arising under the Factoring Agreement."

4

Sallyport further alleged that Maison KW Inc and Willacy "submitted falsified invoices and backup documentation [to Sallyport] that were fraudulently made to appear like legitimate and authentic invoices from [Maison KW Inc's] Account Debtors."[4] "When Sallyport sought collection and verification of the[] invoices from [Maison KW Inc's] Account Debtors, Sallyport was able to determine that [they] were not legitimate companies." Instead, Willacy had "create[d] multiple shell companies with dummy invoices in order to obtain funds from Sallyport" and had made "partial payments on fake invoices to prolong Sallyport from noticing the illegitimacy of [Maison KW Inc's] Account Debtors." According to Sallyport, Maison KW Inc and Willacy "created strawman Account Debtors[] and used some of the money they received from the sale of fake invoices to partially pay the invoices and keep up appearances."

Sallyport brought claims against Maison KW Inc and Willacy for breach of contract, fraud, conspiracy to commit fraud, and theft. Sallyport also brought claims against AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated for fraud, conspiracy to commit fraud, and theft. Sallyport sought $572,101.49 in actual damages, exemplary damages and civil penalties under the Texas Civil Theft Liability Act, attorney's fees, pre- and post-judgment interest, and costs.

---

[4] According to Sallyport, the Account Debtors included QRG Corp and others.

Willacy answered, generally denying the allegations in Sallyport's petition and asserting certain affirmative defenses. Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group Incorporated did not answer or otherwise appear.

Sallyport moved for a no-answer default judgment against Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated, which the trial court granted, disposing of Sallyport's claims against these entities. In its interlocutory order granting a no-answer default judgment against Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated, the trial court awarded Sallyport $572,101.49 in actual damages, attorney's fees, pre- and post-judgment interest, and costs.

Willacy then filed an untimely motion to dismiss under Texas Rule of Civil Procedure 91a, asserting that Sallyport's claims against her had no basis in law or fact.[5] The trial court did not rule on the untimely motion.

Subsequently, Sallyport moved for summary judgment on its claims against Willacy, asserting that it was entitled to judgment as a matter of law on its claims for breach of contract, fraud, conspiracy to commit fraud, and theft. Sallyport also asserted that there was no evidence to support the affirmative defenses that Willacy

---

[5] *See* TEX. R. CIV. P. 91a.3(a).

had asserted in her answer. Willacy did not respond to the summary-judgment motion.

The trial court granted Sallyport summary judgment on its claims against Willacy, and it awarded Sallyport $572,101.49 in actual damages. It also awarded Sallyport $200,000 in "exemplary damages and civil penalties under the Texas Civil Theft Liability Act," attorney's fees, pre- and post-judgment interest, and costs.

## Appellate Jurisdiction

As an initial matter, we must address our jurisdiction over the appeals of Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated.

"[C]ourts always have jurisdiction to determine their own jurisdiction," and "[a]ppellate jurisdiction is never presumed." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If there is a portion of an appeal over which we have no jurisdiction, that portion must be dismissed. *See Walker v.*

*Taub*, No. 01-20-00580-CV, 2022 WL 2309133, at \*4 (Tex. App.—Houston [1st Dist.] June 28, 2022, no pet.) (mem. op.).

Any party "seek[ing] to alter the trial court's judgment or other appealable order" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

A person proceeding pro se cannot file a notice of appeal on behalf of another. *See Walker*, 2022 WL 2309133, at \*4; *Salmeron v. Atascocita Forest Cmty. Ass'n*, No. 01-20-00616-CV, 2021 WL 3159675, at \*1 (Tex. App.—Houston [1st Dist.] July 27, 2021, no pet.) (mem. op.); *Premier Assocs., Inc. v. Louetta Shopping Ctr. Houston, L.P.*, No. 01-12-00369-CV, 2012 WL 4243802, at \*1 (Tex. App.— Houston [1st Dist.] Sept. 20, 2012, no pet.) (mem. op*.); see also Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at \*2 (Tex. App.— Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) (dismissing second appellant's appeal for lack of jurisdiction because first appellant, proceeding pro se, could not file notice of appeal on behalf of second appellant).

And a notice of appeal filed by a corporate officer or representative who is not a licensed attorney is ineffective to perfect an appeal for the corporation. *See Walker*, 2022 WL 2309133, at *4; *Premier Assocs., Inc.*, 2012 WL 4243802, at *1 ("A notice of appeal filed by a corporate representative that is not a licensed attorney has no effect."); *Dish TV, Inc. v. Aldine Indep. Sch. Dist.*, No. 01-04-00145-CV, 2005 WL 1837952, at *1 (Tex. App.—Houston [1st Dist.] Aug. 4, 2005, no pet.) (mem. op.) ("A corporation may not appear in court through its officers who are not attorneys, and a notice of appeal filed by such an officer is not effective."); *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (corporations may appear only through licensed attorneys); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("Texas courts have consistently held that a non[-]attorney may not appear pro se on behalf of a corporation."); *Amron Props., LLC v. McGown Oil Co.*, No. 14-03-01432, 2004 WL 438783, at *1 (Tex. App.—Houston [14th Dist.] Mar. 11, 2004, no pet.) (mem. op.) (limited liability companies must appear through licensed attorneys).

Here, Willacy filed her pro se notice of appeal purportedly on behalf of herself and Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and

Willacy Group, Incorporated.[6]  The pro se notice of appeal filed by Willacy was not effective as to Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated.  Thus, no timely effective notice of appeal has been filed on behalf of Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated.  *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."), 26.1 (requiring notice of appeal to be filed within thirty days after judgment is signed, or within ninety days if motion for new trial, motion to modify judgment, motion to reinstate, or certain requests for findings of fact and conclusions of law are filed); *see also Walker*, 2022 WL 2309133, at *5; *Premier Assocs.*, 2012 WL 4243802, at *1–2.  Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeals of Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated.  *See Walker*, 2022 WL 2309133, at *5; *see also Brashear*, 302 S.W.3d at 545–46 (timely filing of notice of appeal is jurisdictional prerequisite).

Accordingly, we dismiss the appeals of Maison KW Inc, AP Remittance Corp, QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated for lack of

---

[6]     Willacy also filed her pro se notice of appeal purportedly on behalf of LMA Global, Inc., but as previously noted, we lack jurisdiction over LMA Global Inc.'s appeal. *See infra.*

jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Walker*, 2022 WL 2309133, at *5. We next address only Willacy's individual appeal.

## Inadequate Briefing

In her six issues, Willacy states: (1) "The Harris County District Court of the 234th Judicial District error [sic] in granting the interlocutory default judgment against the [a]ppellants"; (2) "[t]he Harris County District Court of the 234th Judicial District errored [sic] in not ordering the [a]ppellants [sic] [r]ule 91a [m]otion to dismiss the [a]ppellees [sic] complaint for failure to state a claim"; (3) "[t]he fundamental due process rights of the [a]ppellants were violated"; (4) "[a]n interlocutory default judgment should not have been ordered by the trial court as it was not pursuant to the statutes and rules of the State of Texas"; (5) "[j]udicial discretion did not extend to the courts [sic] refusal to dismiss the [a]ppellants [sic] [r]ule 91(a) [m]otion to dismiss the [a]ppellees [sic] complaint for failure to state a claim upon which relief could be granted"; and (6) "[a]ppellants [sic] due process rights were violated when the court errored [sic] in entering an [i]nterlocutory [d]efault [j]udgment against the [a]ppellants, in violation of due process afforded them in the Texas Constitution and applicable Texas [l]aw and case [l]aw."

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.]

July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain specific requirements for briefing which are mandatory. *See M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.— Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.).

To assert an issue on appeal, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). An appellant waives an issue on appeal if she does not adequately brief that issue by providing supporting arguments, substantive analysis, and appropriate citations to authorities and the record. *See id.*; *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994). Further, when an appellant's brief contains issues which are confusing and difficult to discern, the brief presents nothing for this Court to review. *See Golden v. Milstead Towing &*

*Storage*, Nos. 09-21-00043-CV to 09-21-00045-CV, 2022 WL 1412303, at *2 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (where briefing contained confusing and disjointed issues, those issues waived due to inadequate briefing); *Kennedy v. Staples*, 336 S.W.3d 745, 754 (Tex. App.—Texarkana 2011, no pet.) (concluding issues waived due to inadequate briefing, where appellant's complaints lacked coherence); *Massey v. Royall*, No. 14-02-01260-CV, 2004 WL 114989 at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding appellant's incomprehensible issue could not be addressed and presented nothing for appellate court to review). "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

Here, in the six issues raised by Willacy in her briefing, she appears to complain about the trial court's no-answer default judgment, which was not entered against her, as well as the trial court's purported failure to grant her untimely motion to dismiss under Texas Rule of Civil Procedure 91a. Willacy also appears to complain about undisclosed violations of her due process rights. *See, e.g., Golden*,

2022 WL 1412303, at \*2 (where briefing contained confusing and disjointed issues, those issues waived due to inadequate briefing).

A pro se litigant is held to the same standard as a licensed attorney and must comply with applicable laws and rules of procedure. *Mansfield State Bank*, 573 S.W.2d at 184–85; *Tyurin*, 2017 WL 4682191, at \*2; *Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at \*1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (pro se litigant must adhere to Texas Rules of Appellate Procedure). An appellant must clearly articulate the issues we are to decide, and we cannot speculate or guess about appellant's issues. *Golden*, 2022 WL 1412303, at \*2; *Lee v. Abbott*, No. 05-18-01185-CV, 2019 WL 1970521, at \*1 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.) ("[W]e must be able to discern what question . . . we will be answering." (first alteration in original) (internal quotations omitted)). If an appellant is unable to or does not articulate the questions to be answered, her brief fails. *Bolling*, 315 S.W.3d at 896. And if we must speculate or guess about what contentions are being made in a brief, then the appellant's brief also fails. *Id.*

To the extent that Willacy has even raised any issues in her briefing which are discernable, her brief, among other things, fails to include any "clear and concise argument[s] for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No.

14

13-19-00239-CV, 2020 WL 6343336, at *2–3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions."); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing," including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record."); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for her. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal.").

Accordingly, we hold that Willacy has waived her six issues on appeal due to inadequate briefing. *See Purse v. DeJesus*, No. 01-17-00855-CV, 2019 WL 237751, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 17, 2019, no pet.) (mem. op.) (appellant waived all issues where brief did not contain any appropriate argument, analysis, discussion, or support for his purported issues); *see also Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) (appellate court cannot remedy deficiencies in appellant's brief and argue case for appellant).

## Conclusion

We affirm the judgment of the trial court as to Willacy. We dismiss for lack of jurisdiction the appeals of Maison KW Inc, AP Remittance Corp, LMA Global Inc., QRG Corp, SABA Retail Inc, and Willacy Group, Incorporated.


*Julie Countiss*
Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.